## BAILEY v. CHICAGO, ST. P., M. & O. RY. CO.

A complaint against a railway company and a city alleging that defendants had neglected and refused to divert surface water from a ditch, and had constructed an outlet that was unable to carry such water, was sufficient to charge both with negligently discharging and permitting surface water to accumulate on plaintiff's premises.

It is an actionable wrong to collect surface water and discharge it in unusual and unnatural quantities upon the lands of another.

A railway company which has permitted a city to enter upon its right of way, and perform acts which combined with what the company itself has done prior thereto, collect surface water, and discharge it in unusual quantities upon the lands of another, under such circumstances that it must be held that the company consented to and adopted the acts of the city, is as amenable to an injunction as the city.

A railway company consenting to and acquiescing in the construction of tile drains upon its right of way and under its embankment by a city for the joint purpose of being used as an outlet for the drainage of its right of way, and also as an outlet for the drainage of the city, is as amenable to an injunction as the city where surface water is thereby accumulated and thrown upon the land of another in unusual quantities.

In an equitable action, jurisdiction may be retained and damages assessed in money as an incidental power.

The fact that, in an action against a city and a railway company for trespass and an injunction because of the wrongful accumulation and discharge of surface water upon plaintiff's lands, damages were awarded against the city alone, did not render it error to award an injunction against the railway company enjoining it, together with the city, from flooding plaintiff's lands; the gist of the action being equitable relief to award money judgment for damages against either defendant.

(Opinion filed, March 23, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon Joseph W. Jones, Judge.

Action by Anna O. Bailey against the Chicago, St. Paul, Minneapolis & Omaha Railway Company, impleaded with the City of Sioux Falls. Judgment for plaintiff, and the Railway Company appeals. Affirmed.

*Keith & Keith,* for appellant.

There is no allegation in the complaint that the injury complained of is a nuisance or that it would become a nuisance. The complaint does not ask to prevent the creation of a nuisance. In such a case the character of the nuisance must be set forth in the

complaint as well as the character of the injury that will result therefrom. The facts must be set up with such particularity as clearly show that a nuisance will be created by the acts sought to be enjoined if it is allowed to go on. Adams v. Michael, 38 Md. 125; Thebaut v. Canova, 11 Fla. 143. Also in an action to abate a nuisance for injuries resulting from flood and loss for want of proper culvert or running surface water upon the premises of another, negligence must be alleged. Johnson v. Atlanta R. R. Co., 25 N. H. 569; Waterman v. Railway Company, 30 Vermont, 610; Lawrence v. Great Northern Railway Company, 16 Q b, 643; Cleveland C. C. & S. T. L. Ry. Co., v. Huddleston, 52 N. E. 1008; Clay et al. v. Pittsburg C. C. & S. T. L. Ry. Co., 73 N. E. 904; Brown v. Winona Railway Co., 55 N. W. 123; Johnson v. C., St. P., M. & O. Ry. Co., 50 N. W. 771; Railway Co. v. Huddleston, 59 N. E. 1008; Bowlsby v. Speer, 86, Am. Dec. 216; Waters v. Village of Bay View, 21 N. W. 811; O'Connor v. Railway Co., 9 N. W. 287; Lessard v. Strain, 22 N. W. 284.

*Bailey & Voorhees,* for respondent.

In injunction cases the universal rule is that all persons not joined as plaintiffs, who have an interest in the controversy presented by the bill, and whose presence is requisite to a complete adjudication of the controversy, must be made defendants. 22 Cyc., p. 912. The owner of land which surface water has reached has no right to collect it into a ditch, culvert, or other artificial gutter and discharge it upon the land of another in quantity or volume exceeding what would have reached the latter land by natural drainage. Rudel v. County of Los Angeles, 118 Cal. 281; Dayton v. Drainage Commissioners, 128 Ill. 271; Nicolai v. Wilkins, 104 Wis. 580; Patoka Township v. Hopkins, 131 Ind. 142; Galbraith v. Yates, 79 Minn. 436; Jacobson v. Van Boeming, 48 Neb. 80; Kelley v. Dunning, 39 N. J. Eq. 482; Seifert v. City of Brooklyn, 101 N. Y. 136; 30 Am. & Eng. Enc. of Law, 335. Municipal corporations are liable for damages occasioned by acts resulting in the creation of public or private nuisances, or for an unlawful entry upon the premises of another whereby injury to his property has been occasioned. Baltimore & Potomac R. R. Co. v. Fifth Baptist Church, 108 U. S. 317; Byrnes v. City of Cohoes,

67 N. Y. 204; Bastable v. Syracuse, 8 Hun. 587; 72 N. Y. 64; Noonan v. City of Albany, 79 Id. 470, 475; Beach v. City of Elmira, 22 Hun. 158; Field v. West Orange, 36 N. J. Eq. 118, 120; S. C. on Appeal, 29 Alb. L. J. 397.

McCOY, J. This action was brought by plaintiff and respondent in the circuit court of Minnehaha county against the appellant, the Chicago, St. Paul, Minneapolis & Omaha Railway Company, and against the city of Sioux Falls, jointly, to recover damages for trespass and to obtain an injunction. Upon the trial findings of fact and conclusions of law were made in favor of respondent, and she was awarded damages of $125 against the city of Sioux Falls ·alone, and an injunction restraining both the city and the railway company from permitting further accumulations of surface water to flow along the right of way upon her property. The judgment for damages and costs was paid by the city of Sioux Falls, which accepted the judgment of the circuit court as final. The railway company appeals to this court from the judgment awarding an injunction against it.

The facts appearing from the record are: That appellant's right of way lies northeast and southwest in ·the southern portion of the city of Sioux Falls. That starting back northwest from the right of way between 400 and 500 feet there is a natural heavy downgrade lay of the land sloping southeastwardly down towards the right of way. That still farther to the eastward and across the right of way and further down the slope is the Sioux river. That appellant's tracks are laid on a raised embankment some five or six feet higher than the natural lay of the right of way. That prior to the grading of the highways approaching the track in that portion of the· city the surface water accumulating on the slope northwest of the right of way passed off through an open ditch upon its right of way on the northwest side of its track, down to Fourth avenue, where such surface water spread out over and across that avenue and other adjacent property beyond. The public highways approaching said track on Fourth avenue and Thirteenth and Fourteenth streets were graded and embanked up to the level of the track at the crossings, thus leaving the natural

surface of abutting property lower than the street and railway embankments. In 1905, for the purpose of relieving Fourth avenue from the accumulation of surface water, the city of Sioux Falls constructed three surface water sewers or tile drains upon the right of way of appellant, and with the knowledge and consent of appellant. One tile drain was under the street embankment on Fourth avenue, and conducted the surface water coming down the open ditch on the right of way, under the street embankment, instead of permitting it as formerly to spread down and over that avenue, and over and upon other property adjacent. Another tile drain was constructed under the Fourteenth street embankment, connecting with the open ditch on the right of way abutting on plaintiff's property. The plaintiff owns lots 1, 2, 3, and 12 and parts of lots 7, 8, 9, 10, and 11, block 22, lying between Thirteenth and Fourteenth streets on the northwest side of appellant's right of way and sloping from Fourteenth to Thirteenth street. A third tile drain was constructed by the city under the track and railroad embankment at a point between Thirteenth and Fourteenth streets, near the northeast corner of the block, directly opposite plaintiff's property. The tile drain under the railroad embankment was insufficient in capacity, and unable to carry the accumulation of surface water during ordinarily hard rains. The effect of constructing these three tile drains in connection with the open ditches upon the right of way was to deposit and pocket all the surface water accumulating on the slope, northwest of the right of way, for a distance of more than three-quarters of a mile up the right of way, upon the said property of plaintiff, which had situated thereon seven houses, all of which became flooded and the cellars filled with water and the gardens overflowed and destroyed, and the buildings and structures thereon flooded and injured and damaged on the occasion of every heavy rain. After these tile drains were constructed by the city, they were only effective in connection with the open ditches situated on the right of way. While there is no contention by respondent that appellant was actively instrumental in the construction of any of said tile drains or surface water sewers, still it appears from the record that no objection to their construc-

tion was made by appellant, and that various officers and employes of appellant were aware of their construction and examined into their operation and condition. Complaint was made by respondent both to the city and appellant, but appellant claimed the city was responsible, and the city authorities claimed the railway company was responsible. Respondent, being otherwise unable to obtain redress, instituted this suit.

The appellant first contends that the complaint does not state facts sufficient to constitute a cause of action against the appellant, railway company, but we are of the opinion that the complaint is sufficient to charge both defendants with trespass and with negligently discharging and causing and permitting surface water to accumulate on plaintiff's premises. The complaint specificially alleges that defendants have neglected and refused to divert said surface water from said ditch, and that they constructed an outlet that was unable to carry such water.

Appellant further contends that the trial court was not justified in granting an injunction against appellant, railway company, upon the evidence shown by the record, when it held that appellant was not liable for any damages. But, as we view this question, the appellant was a necessary party to this action, and to the relief sought by plaintiff. The fact that all these tile drains or culverts and open ditches which were some of the instruments that produced the injury or damage to plaintiff's property were situated upon appellant's property is sufficient under the circumstances of this case to constitute appellant a proper party defendant, and amenable to the injunction judgment. The raised railway embankment, raised street grades, the tile drains and open ditches are each and all elements which combined to produce the injury complained of by collecting the surface water over an area some three-fourths of a mile long, and from 400 to 500 feet wide, and discharging the same in unusual and unnatural quantities upon plaintiff's land, without having provided any sufficient means for the escape of such surface water, thereby overflowing and flooding plaintiff's said premises on the occasion of every hard rain. The precise wrong or tort here involved is the collecting of surface waters by these means, and in negligently

permitting and refusing to construct a proper and sufficient escape therefor, and thereby accumulating such surface water upon plaintiff's property. It is a tortious and actionable wrong to collect surface water and discharge the same in unusual and unnatural quantities upon the lands of another. Farnham on Water Rights, §§ 906, 907, 909, 911. It was as much the legal duty of the appellant as it was the duty of defendant city to refrain from discharging and permitting such surface water to accumulate upon plaintiff's land. Under the circumstances of this case, it was just as much the legal duty of appellant to construct a sufficient outlet for the escape of such water as it was the duty of the city. It was a duty common to both defendants. Both defendants were instrumental in collecting such waters. Appellant has permitted the city to construct upon its right of way, over which appellant has exclusive control, an insufficient outlet. If the acts of the city had been done exclusively on the land of the city, and wholly independent of appellant and its right of way, then there might be more force in appellant's contention, although some of the previous acts of appellant combined in producing the damage to plaintiff; but, where the city has been permitted to enter upon appellant's land, and perform certain acts, which combined with what appellant itself had done prior thereto, and by use and means of appellant's open ditches and embankments, and under circumstances where it must be held that appellant consented to and adopted the acts of the city, the judgment restraining both defendants from permitting such discharge and accumulation of water upon the premises of plaintiff seems to us to be clearly right and supported by good authority. Cooley on Torts (3d Ed.) p. 213. "Most wrongs may be committed either by one person or several. Where several participate, they may do so in different ways, at different times, and in very unequal proportions. One may plan, another may procure the men to execute, others may be the actual instruments in accomplishing the mischief, but the legal blame will rest on all as joint actors. In some cases one may also become a joint wrongdoer by consenting to and ratifying what has been done by others. But this cannot be done by merely approving a wrong, or by expressing pleasure or satisfaction

at its being accomplished. In order to constitute one a wrong-doer by ratification, the original act must have been done in his interest, or been intended to further some purpose of his own." Now, it appears that prior to the time when the city constructed the said tile drains the surface water accumulating against the embankment on the northwest side of the track passed off through an open ditch down to Fourth avenue, and there spread out down and across that avenue, and over adjacent property, in its down-ward course towards the river. The embankment of appellant having collected such water and turned it from its natural course upon adjacent property, it was therefore of interest to appellant, to avoid possible litigation, to prevent said water from spreading out over and beyond Fourth avenue, and to have the same passed under its track between Thirteenth and Fourteenth streets, in its more natural course to the river. Again, from Cooley on Torts, p. 244: "All who aid, advise, command, abet, or countenance the commission of a tort by another, or who approving of it after it is done are liable, if done for their benefit, in the same manner as if they had done the act with their own hands, and proof that a person is present at the commission of a trespass, without dis-proving or approving of it, is evidence from which, in connection with other circumstances, it is competent to infer that he assented thereto, lent to it his countenance, and approved it, and was thereby aiding and abetting the same." In citing instances and illustrations of this principle, on page 246 Cooley further says: "In respect to negligence injuries there is considerable difference of opinion as to what constitutes joint liability. No comprehensive general rule can be formulated which will harmonize all the au-thorities. The authorities are perhaps not agreed beyond this: That, when two or more owe to another a common duty and by a common neglect of that duty such person is injured, then there is a joint tort with joint and several liability. The weight of authority, will, we think, support the more general proposition that, when the negligence of two or more persons concurs in producing a single indivisible injury, then such persons are jointly and severally liable, although there was no common duty, com-mon design, or concert of action. Where different proprietors

on a stream, each acting independently and for his own purposes, conduct filth and refuse into the stream from their respective estates, they are held not to be jointly liable. So where several proprietors drain their respective premises into the same ditch or waterway and the combined waters flood or otherwise damage a lower proprietor. But it would be otherwise if there was some concert of action, as if they joined in constructing or maintaining a ditch." In the case of Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451, the court said: "If waters are wrongfully turned upon the lands of another as a result of the acts of several parties, they are all liable. It is no defense that the injury caused or wrong done by any one standing alone might not be sufficient ground of complaint. If the damage done is the combined result of several acting independently, recovery may be had severally in proportion to the contribution of each to the nuisance, and not otherwise. If, however, they are acting jointly in the premises, then they may be jointly or severally sued for the entire damage. So, if the defendants, consented to or acquiesced in the joint use of these ditches as a common outlet for the drainage of their own and the lands lying east and beyond, the rule adopted by the court making them liable for the entire damage sustained by plaintiff might have been sustained." This is precisely what the appellant in the case at bar has done. It consented to and acquiesced in the tile drains being constructed along and upon its right of way and under its embankment by the city for the joint purpose of being used as an outlet for the drainage of its right of way and also as an outlet for the drainage of the city. The city was not acting independently and alone wholly upon its own property, but, with the consent and acquiescence of appellant, went upon appellant's land, and there constructed drains used jointly by the city and appellant. To the same effect is Johnson v. Chapman, 43 W. Va. 639, 28 S. E. 744, and 22 Cyc. 912.

Appellant also contends that because the trial court assessed $125 damages against its codefendant, and did not assess any money damages against it, that it was error to render judgment against appellant restraining and enjoining it, together with the city, from flooding plaintiff's premises. But we are of the opinion that

this position is erroneous. This action was on the equity side of the court. It was so treated by all the parties therto. It was tried to the court without a jury. The gist and purpose of the action was the equitable injunction relief granted. The money damages were only incidental. The equity side of the court in such cases is permitted to retain jurisdiction and assess damages in money as an incidental power. Farnham on Water Rights, § 584; Grigsby v. Clear Lake Water Co., 40 Cal. 369; 1 Pomeroy Eq. §§ 140, 181. In order to render judgment for the equitable relief by way of injunction in this case, it was not necessary to render a money judgment for damages against either defendant. It was, however, necessary for plaintiff to show and the court to find that plaintiff had been damaged by the defendants. Under the evidence, the court might have rendered a money judgment against both defendants. Appellant has not been prejudiced in the least because it was not also included in that part of the judgment awarding damages. The trial court among its findings found that on numerous occasions between January 1, 1906, and the commencement of this action that plaintiff's premises had been overflowed by surface water which said outlet drain was unable to carry off, that the gardens on her premises had been destroyed, the cellars flooded, the sidewalks, sheds, and other structures thereon damaged and destroyed, which was ample proof and ample finding of damage against both defendants to warrant and justify the injunction judgment against appellant.

Finding no error in the record, the judgment and order denying a new trial are affirmed.