## DELL RAPIDS MERCANTILE CO. v. CITY OF DELL RAPIDS.

1. An abutting lot owner who owns the fee of the street has a right to construct therein an area, and to use the same, subject to the public easement.

2. Where a city negligently constructed sewers and drains so that they would not carry off the rainfall, which was in consequence discharged into an area occupied by the tenant of the abutting property, the tenant may recover for the damage resulting therefrom, unless such area was negligently constructed or out of repair, so that it contributed to the injury.

3. A party, having failed to request more definate instructions, or to except to those given, cannot complain on appeal that they are not sufficiently definite.

(Opinion filed June 22, 1898.)

Appeal from circuit court, Minnehaha county.   Hon. JOSEPH W. JONES, Judge.

Action by the Dell Rapids Mercantile Company against the city of Dell Rapids to recover damages alleged to have been occasioned by a sewer negligently constructed and kept in bad condition and repair by the defendant.   There was a judgment for plaintiff, and defendant appealed.   Affirmed.

The facts are stated in the opinion.

*Henry Robertson (Robertson & Dougherty* and *Aikens & Judge* of counsel) for appellant.

Appellant is not liable for the damages sustained even though the sewer was unskilfully constructed and negligently maintained.   The proximate cause of the flooding was the construction of the area in the street by the owner of the building.

City of Guthrie v. Nix 49 Pac. 917; Cooley on Torts § 80; Congreve v. Smith 18 N. Y. 79.; Nelson v. Godfrey 12 Ill. 19; Stephani v. Brown, 40 Ill. 428.

Appellant is not liable because the concurrent negligence of the owner of the building and respondent contributed to the injury.

The evidence does not support the finding of negligence in keeping the drains and sewers in bad condition and repair and in carelessly managing and controlling them.    Paine v. Village of Delhi, 5 L. R. A. 797.

*A. B. Kittredge* for respondent.

An abutting property owner who owns the fee of the soil to the center of a street subject only to the proper use thereof by the city had a legal right to build an area.    Edmison v. Lowry 3 S. D. 77; Wolf v. Railroad 69 Cal. 202.

A municipal corporation is liable for damages resulting from the improper construction of a sewer or drain or from neglecting to keep them in good condition or repair.    Mc-Carthey v. Syracuse 46 N. Y. 194; Stamford v. San Francisco 111 Cal. 198; Schroeder v. Baraboo 67 N. W. 27; Allen v. Boston 159 Mass. 324.

The negligence of appellant was the direct and proximate cause of the damage.    Campbell v. Stillwell 32 Minn. 308; King v. Railroad 25 Fed. 799.

HANEY, J.    Plaintiff occupied the first story and basement of a building situated at the corner of two streets in the city of Dell Rapids.    The building was owned by one Cooley, who was the owner in fee simple of the lots upon which it stands. When it was erected, an area was constructed in the street,

secured by stone walls.   This area was reached by a stairway from the street.   There were doors and other openings between it and the basement.   Some years subsequent to the erection of the building and area, defendant constructed certain drains and a sewer, which plaintiff alleges were so defective in construction, and were kept in such bad condition and repair, that the rain-fall could not escape and be conveyed away, but collected in great quantities in and upon the streets, and by reason thereof an immense and unusual body of water was discharged into the basement occupied by plaintiff, causing injury to its goods kept therein.   It is agreed that the damage was $514.12.   The answer in effect denies that the city was negligent, and alleges that the area walls were out of repair, and that the plaintiff, who occupied the building as a tenant, and was paying a rental of $50 per month, contributed to the injury by knowingly permitting such walls to remain in such defective condition.   Under instructions to which no exceptions were taken, the jury must have found that the walls of the area would have kept the water out of the basement if the drains and sewer had been in proper condition and that the drains and sewer were not in proper condition through defendant's negligence.

It is contended by defendant that upon the undisputed evidence, notwithstanding the verdict, the plaintiff cannot recover, for the reason that no injury could have resulted from defendant's negligence if there had been no area in the street; that one who makes or occupies such an area does so at his peril; and that the city is not required to recognize its existence in making or maintaining any street improvements.   Manifestly, the rights and duties of one who owns the soil to the

center of the street are essentially different from the rights and duties of one whose fee-simple title is limited by the lines of his lot.    In this state the owner of a lot will, in the absence of any evidence on the subject, be presumed to own the soil to the center of the street.    Edmison v. Lowry, 3 S. D. 77, 52 N. W. 583,    Assuming that Cooley owned the soil to the center of the street, he was at liberty to use it, subject to the public easement, the same as other parts of his property, and the construction of the area was not in itself unlawful.    McCarthy v, City of Syracuse, 46 N. Y. 194.    The rule might be otherwise were the fee of the street in the city.    City of Guthrie v. Nix (Okl.) 49 Pac. 917.

It follows that plaintiff cannot be held to have contributed to the injury by having merely occupied the area; and it is entitled to recover, if the city was negligent, provided the area was properly constructed and in proper repair when the injury occurred.    As to what constitutes a proper construction and condition of such an area will depend upon the facts of each particular case.    Undoubtedly, a city has the right to invade the limits of an area for the purpose of constructing sewers, laying gas or water mains, or using the entire street for any usual public improvement; but so long as such an area is not invaded by the necessities of the public, it is the duty of the city to recognize the rights of the private proprietor, and exercise ordinary care in making and maintining its improvements. The owner of the area and the city must each exercise ordinary care in the enforcement of their respective rights, and whether or not they have done so will depend upon the facts and circumstances of each particular case.    Possibly, in this action, the mutual rights and obligations of the contending par-

ties were not as clearly defined by the court's charge as they should have been; but defendant is not in position to complain, having failed to request any instructions and preserve exceptions to the instructions that were given. Finding no reversible error, the judgment of the circuit court is affirmed.