## STRAIT v. CITY OF EUREKA.

1. Where a complaint claiming damages for injuries sustained on a sidewalk is objected to on the introduction of evidence as not stating a cause of action, the Supreme Court, to sustain it, will indulge every reasonable presumption, and judicially notice that the statute requires incorporated cities to keep their streets in repair.

2. The court will entertain an objection at the trial that a pleading does not state facts to constitute a cause of action only when it is incapable of being made good by amendment.

3. A complaint in an action againt a city for injuries on a sidewalk, alleging the defective condition of the walk, that the defect was known tc the munincipal officers, and that plaintiff was injured while passing along the walk, without any fault of his, is sufficient as against an objection at the trial that it does not state facts to constitute a cause of action.

4. Where an injury sustained by plaintiff never kept him from his place of business, or materially interfered with his usual employment, evidence, in an action to recover for loss of time, as to the damages sustained therefrom, is incompetent.

5. Where, in an action against a city for injuries on a defective sidewalk, the evidence fails to show the defendant's duty to keep the particular place in repair or that its officers knew or might have known of the defect, with which plaintiff was familiar, a motion to direct a verdict for defendant should be granted.

(Opinion filed Oct. 7, 1903)

Appeal from circuit court, McPherson county. Hon. LORING E. GAFFY, Judge.

Action by Dyer B. Strait against the city of Eureka. From a judgment for plaintiff, defendant appeals. Reversed.

*G. N. Williamson,* for appellant.

*L. T. Boucher,* for respondent.

FULLER, J. By an exception to the action of the trial court in overruling the defendant's objection to the introduction of any testimony on the part of plaintiff, we are first called to determine whether facts sufficient to constitute a cause of action are stated in the following complaint: "That the defendant, city of Eureka, is a municipal corporation, organized under the law of this state approved March 6, 1890, the act being chapter 37 of the Session Laws of said year. That on the 10th day of October, 1901, and for more than a year prior thereto, the sidewalk of said city in front of the Merchants' Hotel on Market street in said city was and had been grossly defective in construction, rotten, and badly out of repair and dangerous. That said defects were well known to said city and to the mayor, marshal, policemen, and other officers of the defendant for more than a year prior to said date. That on October 10, 1901, the plaintiff, while passing along said sidewalk, without any fault or negligence on his part, stepped upon a short board or patch therein, which, being rotten, and negligently secured

to an old and rotten stringer, turned over, and the plaintiff, without any fault of his, fell through the hole thus made, a distance of some three feet to the ground below, and thereby greatly injured his foot, and otherwise injured his body, whereby he was caused great pain and suffering for more than a month thereafter, and from which he has not yet wholly recovered. The plaintiff, besides the pain which he suffered, by reason of said accident, was thereby rendered unfit for work or business for more than thirty days, to his damage in the sum of three hundred dollars. Wherefore the plaintiff prays judgment in his favor and against the defendant in the sum of three hundred dollars, and for his costs and disbursements herein." One who pleads to the merits and goes to trial without demurring greatly impairs his right to question the sufficiency of facts stated in a complaint by objecting to the introduction of any evidence. It is only when a pleading is incapable of being made good by amendment that the court should entertain the objection here relied upon. Stutsman County v. Mansfield, 5 Dak. 78, 37 N. W. 301; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Anderson v. Alseth, 6 S. D. 566, 62 N. W. 435. To sustain a complaint first objected to at the trial on the ground that facts sufficient to constitute a cause of action are not stated, this court will indulge every reasonable presumption, and judicially notice that the statute makes it the duty of incorporated cities and towns to keep their sidewalks in good repair. In the absence of a demurrer, or motion to make more definite and certain, the objection was properly overruled. First upon all the testimony offered in support of the complaint, and again when both sides had rested, counsel for the city moved for the direction of a verdict as follows: "First.

That there is no evidence to show that the city or any of its officers had any notice or knowledge of any defect in the sidewalk where the plaintiff is alleged to have been injured at or before the alleged injury. Second. That there is no evidence to show that the sidewalk upon which the plaintiff claims to have been injured was a public sidewalk of the city of Eureka, and under the control and charge of the officers of the city as such. Third. For the reason that the evidence shows that the only person who had any knowledge of any defect in the sidewalk at the time of the alleged injury was the plaintiff, and that said plaintiff. according to his own testimony, knew at the time of the injury, and for a long time prior thereto, the condition of this particular board that he stepped upon, and had full knowledge of its then condition, and was guilty of contributory negligence. Fourth. For the reason that there is no competent evidence here in this case to show that the plaintiff suffered any damage whatever by reason of the alleged injury sought to be recovered for, there not being any evidence to show that during any of this time he was prevented from carrying on his usual avocation; and the evidence does in fact show that he carried on his usual avocation during all the time sought to be recovered for." By reason of physical infirmities it appears from the undisputed testimony. that plaintiff prior to and at the time mentioned in the complaint walked with crutches, and without their use was unable to stand. A sidewalk in good repair and five feet in width was maintained along the street in front of the hotel where plaintiff, by falling, sprained his right ankle and sustained a slight injury to one of his wrists. The accident appears to have been occasioned by the turning of a plank averaging about four

inches in width and three feet long upon which he had placed one crutch and his right foot in stepping aside to let another person pass. He had been rooming at this hotel for many years and was thoroughly familiar with this strip of patchwork three feet in width leading from the inner portion of the walk to the building. In fact he had fallen there at another time; and for the reason that is was always difficult for him to sustain the equilibrum of his body he had fallen many times on sidewalks that were in perfect condition. On his own behalf plaintiff testified in part as follows: "At the time of the accident I was police justice of the city of Eureka. At the time of the accident I knew of the defective sidewalk, and had known of it a long time prior thereto. There was on the outside of the sidewalk, next to the street, a strip of sidewalk five feet wide that was in good repair. The portion that I speak about as having been injured upon was a patch joined onto the five-foot boards, and extending from the five foot that was in good repair up to the building. It was a patch three feet wide on the inside of the walk. That was filled up when the Merchants' Hotel was raised from the level of the ground to the grade as established by the city. And before the hotel was raised there were three steps leading down into the Merchants' Hotel from the the eight-foot sidewalk. The steps run down with the sidewalk. When the hotel was raised to the grade, they filled in these steps from the five-foot walk by putting boards in there three feet long. I came on there, and my crutch and foot fell through. My foot went down through. I never bear my weight upon my crutches unless I slip. I bear all my weight upon my feet; none upon the crutch. I can walk without crutches, but when I stop I can't bal-

ance.    When I ·came along here I put my crutch upon the
board, and it turned with me."    The action being insti-
tuted    merely    to    recover    for    the    loss    of    time    caused
by an injury which the evidence shows never kept plaintiff
from his place of business or materially interfered with his
usual employment, the only testimony concerning damages was
fatally incompetent for the reasons stated in the objection to
the question by which the same was elicited, as follows:    "Mr.
Boucher:    I will ask you·what damage you sustained by reason
of the loss of time which you incurred as a result of that acci-
dent?    Mr. Williamson:    That is objected to as incompetent,
irrelevant, and immaterial, no foundation laid, and calling for
a conclusion of the witness. . (Objection overruled; to which
ruling defendant duly excepted.)    Well, I think about $200."
In the absence of anything to show that it was the legal duty
of the defendant to keep that particular place in repair, or
that its officers knew or might have known of the latent defect
in the nailing of the narrow strip of plank, which the crutch
caused to turn, and with the exact condition of which plaintiff
had been long familiar, we cannot indulge the forbidden pre-
sumption of negligence on the part of the municipal authori-
ties.    Upon the record the motion to direct a verdict should
have been entertained.

The judgment appealed from is therefore reversed, and
the case remanded for further proceedings.