HALEY & LANG CO., Appellants, v. CITY OF HURON,
Respondent.

(153 N. W. 891.)

(File No. 3568. Opinion filed July 24, 1915.)

1. **Municipal Corporations—Negligence—Surface Drain, Connection
with Sanitary Sewer—Instruction.**

Where a city connected a sewer drain with an 8 in. sanitary
sewer, thus adding to the burden of the sewer something un-
planned and unexpected by the engineer who devised the sys-
tem, there being a 10 in. storm water sewer on the street
with which the surface drain might have been connected, **held,**
that the connection so made constituted negligence, rendering
the city liable for damages for the flooding of plaintiff's
basement by back-water from the sanitary sewer; and an in-
struction that if plaintiff, in building its sewer from its base-
ment to said sanitary sewer, had knowledge that the sewer
was of insufficient capacity to carry off the surface water and
sewerage which sometimes collected there, or might reasonably
be expected to be there discharged, or if, after learning of such
insufficiency, plaintiff failed to take reasonable precautions to
protect its property from injury, plaintiff would be guilty of
contributory negligence, was erroneous, as not correctly calling
to the attention of the jury the relation of such unauthorized
connection to the cause of damage.

2. **Same—Flooding Basement—Improper Sewer Connection—Unusual
Rainfall—Proximate Cause.**

In a suit to recover for flooding plaintiff's basement, alleged
to have been caused by negligently connecting a surface drain
with a sanitary sewer, **held,** that if, in spite of unusual rainfall,
the sanitary sewer would have been adequate to carry off the
water, except for such connection, the negligence of the city
was the proximate cause of the injury and the city was liable;
but if the damage was due to the unusual rainfall and not to
such sewerage connection, the city was not liable, it not being
shown that the system installed was inadequate.

3. **Same—Sewer Connection—Flooding Basement—Unusual Rain-
fall as Proximate Cause, Negligence as Aid—Proportionate
Liability.**

If damages to goods in a basement by back-water from a
sanitary sewer was proximately due to unusual rainfall, but
was aided by the city's negligent connection of a surface drain
with the sewer, **held,** the city would be liable for a portion of
the damage contributed by its negligence in making the con-
nection.

4. **Same—Improper Sewer Connection—Flooding Basement—Contributory Negligence, Necessity of Automatic Valve.**

Where plaintiff, suing a city for damages for flooding of its basement, caused by alleged negligence in making a sewerage connection, failed to install an automatic valve in the outlet from the basement to the sewer, or to close a hand valve therein, **held,** that such failure would not prevent plaintiff from recovering damages, except for the damage due to unusual rainfall.

5. **Municipal Corporations—Action Against—Damages for Negligence—Filing Personal Injury and "Account" Claims as Condition Precedent, Necessity—Exclusion of Evidence—"Account."**

In a suit against a city for negligent flooding of plaintiff's basement, **held,** that the trial court erred in excluding evidence as to damages in excess of those presented in the verified claim of plaintiff filed with the city auditor as a condition precedent to bringing suit; that Laws 1907, Ch. 90, relating to claims for personal injuries, and Laws 1909, Ch. 128, relating to accounts against cities, do not apply to a claim for damages arising in tort; "account" implying that one is responsible to another on the score of contract or fiduciary relation.

6. **Statutes—Constitutionality—Subject and Title.**

Laws 1909, Ch. 28, Sec. 2, prohibiting action against a city to enforce a "claim," unless first presented to the city council or commission, if interpreted to apply to a "claim" under Sec. 1, would bring its terms outside of the title of the act, which title refers only to "accounts" against cities and towns; and the act under such construction would be in contravention of Const. Art. 3, Sec. 21.

Appeal from Circuit Court, Beadle County.   Hon. ALVA E. TAYLOR, Judge.

Action by the Haley & Lang Company against the City of Huron, to recover damages for injury to plaintiff's stock in the basement of his building, caused by negligent flooding thereof by defendant. From a judgment in favor of defendant, and an order denying a new trial, plaintiff appeals. Reversed and remanded for a new trial.

*A. W. Wilmarth,* for Appellant.

*A. K. Gardner,* and *I. A. Churchill,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Barnes v. City of Cohoes, 67 N. Y. 207; Mairs v. Manhattan R. E. Assn., 89 N. Y. 498; Seifert v. City of Brooklyn, 101 N. Y. 136; Noonan v. City of Albany, 79 N. Y. 476; Evansville v. Decker, 84 Ind. 325, 43 Am. Rep. 89; Powers v. City of Council

Bluffs, 50 Iowa, 201; Tate v. City of St. Paul, 56 Minn. 527, 45 Am. St. Rep. 501; Damour v. Lynn City, 44 Ia. 281.

Respondent cited, re instructions: Hart v. Neillsville, (Wis.) 123 N. W. 125; Wilson v. Waterbury, (Conn.) 47 Atl. 687; Guthrie v. Nix, (Okla.) 49 Pac. 917; Sheriff v. Oskaloosa, (Iowa) 94 N. W. 904.

(5) Under point five of the opinion, Appellant cited: 28 Cyc. 1447; Ginricevio v. Tacoma, 57 Wash. 329, Vol. 28 A. & E. An. C. 533; Kelley v. Fairbault, 95 Minn. 293, 104 N. W. 231; McIntee v. Middletown, 81 N. Y. Supp. 124; Rye v. Mankato, 38 Minn. 536, 38 N. W. 621, 54 Minn. 279, 56 N. W. 80.

(4) Under point four of the opinion, Appellant cited: Neet v. Burlington Ry. Co., 76 N. W. 677, and City of Peoria v. Eisler et al., 62 Ill. App. 26.

GATES, J. This is an action for damages to a stock of merchandise in the basement of plaintiff's building, situated at the corner of Iowa street and First street, in the city of Huron, caused by the flooding of the basement by the backwater from a certain 8-inch sanitary sewer. There was a trial by jury, which returned a verdict for the city. From the judgment and an order denying a new trial, the plaintiff appeals.

It is the theory of plaintiff that the proximate cause of the damage was the negligence of the city in connecting this sanitary sewer with a surface drain on First street; that the 8-inch sewer was not intended as a storm water sewer; that there was a 10-inch storm water sewer on said street with which the surface drain should have been connected; and that plaintiff's manager had, several times, protested to the city officials against the continuance of such connection.

It is the theory of the defendant that the damage was the result of the contributory negligence of plaintiff in not installing an automatic valve in the outlet from its building to the sewer instead of the hand or gate valve so installed, and in not closing such hand valve, and that the backwater in the basement was caused by an unusual rainfall. The important differences between the parties center around the instructions to the jury. The paragraphs of the instructions excepted to by plaintiff are as follows:

No. VI. "I charge you that if you find that the plaintiff voluntarily built its sewer from the basement to the city public sewer, and had knowledge that the sewer was not of sufficient capacity to carry off the surface water and sewage which sometimes collected there or might reasonably be expected to be discharged into the sewer at that point, or if, after learning that such sewer is not of sufficient capacity to carry off such surface water and sewage, the plaintiff shall fail to take reasonable precautions to protect its property from injury, then, in either case, the plaintiff would be guilty of contributory negligence and cannot recover."

No. VII. "Contributory negligence is such negligence on the part of plaintiff as helped to produce the injuries complained of; and if the jury find, from a preponderance of all the evidence in this case, plaintiff was guilty of any negligence that helped to bring about or produce the injuries complained of, then, in that case, the plaintiff cannot recover in this action."

[1-4] It seems to us, from a careful consideration of the evidence, that these instructions were erroneous. The evidence in this case shows that the 8-inch sewer begins in the street at plaintiff's corner and extends 2 blocks into a 33-inch trunk sewer. It has no cross street connections and has only 2 manholes. It was not designed as a storm water or surface sewer. We believe that the city was negligent in making the connection between the surface drain and the sanitary sewer. In adding to the burden of the sewer something entirely unplanned and unexpected by the engineer who devised the system, the city did so at its risk of liability for damage. If, in spite of the unusual rainfall, the sewer would have been adequate to carry off the water, except for the connection above described, then the negligence of the city was the proximate cause of the injury, and the city was liable for damages. If the damage was due to the unusual rainfall and not to the above-described connection, then the city was not liable; it not being shown that the system installed was inadequate. Wm. Tackaberry Co. v. Simmons Warehouse Co. (Iowa) 152 N. W. 779. If the damage was proximately due to the unusual rainfall but was aided by the connection above described, then the city was liable for the portion of the damage contributed by its negligence in making such connection. Under either theory, we do

not think the failure of the plaintiff to install an automatic valve or to close the hand valve is important. Its failure to do so would prevent it from recovery of damages due to unusual rainfall, but should have no bearing upon the liability of the city for misusing its sanitary sewer. The instructions, as given, practically charged the jury that plaintiff was guilty of contributory negligence. They did not correctly call to the attention of the jury the relation of this unauthorized connection with the 8-inch sewer to the cause of the damage. Because of these instructions, which were clearly prejudical to appellant, the judgment and order appealed from must be reversed.

The court erred in excluding certain evidence as to the purpose for which the 8-inch sewer was installed and in refusing certain testimony tending to show that the connection between the surface drain and that sewer was temporary, and in refusing certain testimony tending to show the existence of a storm water sewer on Iowa street. Whether such rulings were prejudicial, in view of the fact that these matters appeared later from the evidence, we need not determine, as the judgment must be reversed on other grounds, but, upon a new trial, such testimony should be admitted.

[5, 6] The court also erred in excluding evidence as to damages in excess of those presented in the claim filed with the city auditor. The only statutes called to our attention in this behalf are chapter 90, Laws 1907, and chapter 128, Laws 1909. The former does not purport to cover claims of this character. Chapter 128, Laws 1909, by its title, refers to accounts. While the terms of section 2 of that act might be broad enough to cover the present claim, it is certain that the provisions of section 1 have no application thereto. The definition of "account," as given in 1 Cyc. 362, is:

"While it is said that the term has no very clearly defined legal meaning, the primary idea of account, computatio, is some matter of debt and credit, and it implies that one is responsible to another on the score either of contract or of some fiduciary relation of a public or private nature, created by law or otherwise."

This definition would not include a claim for damages arising in tort.

An interpretation of section 2, as claimed by respondent, would bring its terms outside the title of the act. Article 3, § 21, Const. We think the Legislature intended section 2 to refer only to the accounts covered by section 1.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.