HABICHT et al, Appellants, v. CITY OF WESSINGTON
SPRINGS, Respondent.

(191 N. W. 455.)

(File No. 5147.   Opinion filed December 30, 1922.)

1.  **Eminent Domain—Evidence—Presumptions—Damages—Constitu-
    tional Law—Compensation for Damages by flooding by Defec-
    tive Culvert Not Presumed Waived or Paid.**

    Under Const. art. 6, Sec. 13, providing that compensation for
    taking or damaging public property must be paid "before pos-
    session is taken" does not create a presumption that compensa-
    tion has been waived or paid for injuries resulting from faulty
    construction of culvert damaging plaintiff's property by flood.

2.  **Municipal Corporations — Waters — Drains — Estoppel — Builder
    Over Inadequate Drain Cannot Assert Such Inadequacy as
    Grounds for Damages Against City.**

    Where a municipality, in filling a natural drain, laid in its
    place a 24-inch culvert, one building over such drain cannot
    thereafter assert that it was inadequate to carry the natural
    flow of surface water.

3.  **Municipal Corporations—Grades—Drains—Negligence—Municipal-
    ity Held Liable for Accumulating Surface Waters and Precipi-
    tating it on Plaintiff's Land.**

    A municipality grading a block in a manner which obstructed
    and accumulated the surface waters flowing down a natural
    drain held liable for the damages resulting from the precipita-
    tion on plaintiff's property of the waters so accumulated.

4.  **Municipal Corporations —Damages —Waters —Drains —Grades—
    Municipality Not Entitled to Divert More Than Natural Flow
    to a Natural Drain, Causing Overflow.**

    A municipality is not entitled to divert more than the natural
    flow of surface waters to a particular natural drain, and if, in
    grading a block, it had constructed a surface ditch which diverts
    to a natural drain water which would not otherwise have
    reached it, such diversion would constitute an element of dam-
    ages for injury resulting from the accumulation of such waters.

Appeal from Circuit Court, Jerauld County; Hon. FRANK B.
SMITH, Judge.

Action by Max Habicht and Carl W. Habicht, copartners,
doing business under the firm name of Habicht & Habicht, against
the City of Wessington Springs.   From a judgment for defend-
ant, plaintiffs appeal.   Reversed.

*Null & Royhl,* of Huron, and *G. Chris Gleim,* of Wessington
Spings, for Appellants.

*J. H. Lammers,* of Wessington Springs, and *Garner & Churchill,* of Huron, for Respondent.

Appellants cited: Evansville v. Decker, 84 Ind. 325; Young v. Kansas City, 27 Mo. App. 191; Broadway Mfg. Co. v. Levenworth T. R. & B. Co., 106 Pac. 1034; Roland v. St. Joseph, etc., 82 Kan. 546, 108 Pac. 808; Howard v. Buffalo, 122 N. Y. Supp. 1095; Rose v. St. Charles, 49 Mo. 509; Spelman v. Portage, 41 Wis. 144; Richardson v. Eureka, 96 Cal. 443; Ross v. Madison, 1 Ind. 281, 48 Am. Dec. 361; Parker v. Lowell, 11 Grey 353; Hutchinson v. Clay Twp., 14 Penn. Sup. Ct. 546; Grayham v. Chicago, I. & L. R. Co., 39 Ind. 294, 77 N. E. 57; Wallingford v. Maysville & B. S. R. Co., 32 Ky. L. Rep. 1049, 107 S. W. 781; Howard v. Buffalo, 122 N. Y. Supp. 1095; Miller v. Buffalo & S. R. Co., 29 Pa. Sup. Ct. 515; Dutton v. Philadelphia, B. & W. R. Co., 32 Pa. Sup. Ct. 630; St. Louis Southwestern R. Co. v. Rollins (Tex. Civ. App.), 89 S. W. 1099; Houston & T. C. R. Co. v. Buchanan, 49 Tex. Civ. App. 129, 107 S. W. 595; Missouri, K. & T. R. Co. v. Cannon (Tex. Civ. App.), 111 S. W. 661; Missouri K. & T. R. Co. v. Macon (Tex. Civ. App.), 115 S. W. 847; Ft. Worth & D. C. R. Co. v. Carpenter, 125 Ill. App. 306; Houghtaling v. Chicago G. W. R. Co., 117 Iowa 540, 91 N. W. 811; Blunk v. Chicago & N. W. R. Co. (Iowa), 115 N. W. 1013; Crook v. Chicago, R. I. & P. Co. (Iowa), 119 N. W. 696; Atchison, T. & S. F. R. Co. v. Herman, 74 Kan. 77, 85 Pac. 817; Richards v. Ann Arbor, 152 Mich. 15, 115 N. W. 1047; Edwards v. Missouri, K. & T. R. Co., 97 Mo. App. 103, 71 S. W. 366; Fairbury Brick Co. v. Chicago, R. I. & P. R. Co., 79 Neb. 854, 13 L. R. A. (N. S.) 542, 113 N. W. 535; Wilson v. Pennsylvania R. Co., 129 App. Div. 821, 113 N. Y. Supp. 1101; Matteson v. New York C. & H. R. R. Co., 40 Pa. Sup. Ct. 234; Goddard v. Chicago B. & Q. R. Co. (Wis.), 126 N. W. 666.

Respondent cited: Lessard v. Stram (Wis.), 22 N. W. 284; Barkley v. Wilcox, 86 N. Y. 140; Chadeayne v. Robinson (Conn.), 11 Atl. 592; Goodale v. Tuttle, 29 N. Y. 459; Searle v. City of Lead, 10 S. D. 312; Wittaker v. City of Deadwood et al, 12 S. D. 608; Shahan v. Brown (Ala.), 60 South. 891; So. R. Co. v. Louis (Ala.), 51 South. 746; Darling v. Cloud County (Kan.), 88 Pac. 529; Gleason v. Crooksville (Mo.), 118 S. W. 120; Hill v. City of Huron, 33 S. D. 325; Searing v. Sarratoga Springs,

39 Hun. 307; Eldon v. Welch, 16 Ill.; Davis v. New Orleans, 6 South. 100; Troy v. Coleman, 58 Ala. 570; Emery v. Raleigh (N. E.), 14 S. E. 352; St. Anthony Falls Water Co. v. Eastman, 21 Minn. 277; Toledo R. Co. v. Hunter, 50 Ill. 325; See Guthrie v. Nicks (Okla.), 49 Pac. 918; Hume v. City of Chilton (Wis.), 166 N. W. 776; Harden v. Ledbetter (N. C.), 9 S. E. 641.

GATES, P. J. As alleged in the complaint, this is an action to recover from defendant city damages to plaintiffs' store building and merchandise, caused by a heavy, but not unprecedented, rain. The basis of the alleged liability is the negligence of the city. At the beginning of the trial the city objected to the introduction of testimony for that the complaint did not state facts sufficient to constitute a cause of action. The objection was sustained, and a judgment was entered dismissing the action on its merits. Therefrom plaintiffs appeal.

The following facts, derived from the allegations of the complaint, are all that are deemed essential to a proper understanding of the issue: Plaintiffs' store building is in the north half of block 12, which block is situated on land sloping to the north, and is bounded on the north by Main street, on the east by Second street, on the south by Burrett street, and on the west by Third street. The building fronts north on Main street. Across this block there was originally a ravine, descending northerly, about 100 feet wide, coming from the hills at the south. Prior to the construction of plaintiffs' building, the city had established the grades of the four surrounding streets and had graded them. Main street is about 15 feet higher than the bottom of the ravine. The ravine begins about a mile southwest of block 12 and has a rapid descent to Burrett street, and was originally the natural drainage course for a large area of land. Except during times of rainfall, it carries a very small amount of water. The sidewalk grade of Main street is a foot higher than the street grade. Plaintiffs built such building to conform to such sidewalk grade. The bottom of the basement is 8 feet below such sidewalk. From the alley running east and west through block 12 the city laid a 24-inch tile drain along the bottom of the ravine across the north half of the block and across and under Main street. Plaintiffs' building was afterwards built over this drain. Connecting with such drain and running along the bottom of the ravine to a point

about 50 feet south of the alley, the city laid an 18-inch pipe. It is alleged that this drain, consisting of the 18 and 24 inch pipes, was wholly inadequate to care for and carry off, the flood waters usually carried by said ravine during and following rainfalls in that vicinity.

The city placed under Burrett street in the line of drainage a 17 inch culvert which was about 100 feet from, and 7½ feet higher than, the intake of the 18-inch pipe. It is alleged that after the erection of plaintiffs' building the grade on Burrett street was raised and graded so that its top was 8 feet higher than the bottom of the ravine and 20 feet higher than the grade of Main street, and that the alley was graded to height of 8 feet above the bottom of the ravine. It is alleged that the culvert was inadequate to carry the usual waters of the ravine during rains. It is alleged that the owners of the lot in the southwest quarter of block 12 filled and graded it across the ravine, thus forming a dam 10 feet higher across the ravine. The specific cause of the damage is thus alleged:

"That on or about the 16th day of June, 1920, these plaintiffs were occupying their said store buildings, and had therein large quantities of merchandise; that on said day a heavy, but not unprecedented, rain occurred, by reason whereof said ravine became flooded; that the culvert under Barrett street, heretofore described, was not of sufficient·capacity to conduct said flood water; that such flood water accumulated in large quantities against the south side of Burrett street where said street crosses said ravine; that the tile drain heretofore described was of insufficient capacity to carry off the water conducted through the said steel culvert, so that large quantities of water accumulated against the south bank of said lot graded across said ravine; that said waters, by reason of being so impeded, rose to such height and volume as to overflow and wash out the said grade across said ravine on Burrett street and overflow and wash out portions of the said graded lot so that said waters were suddenly and without warning, and without fault of these plaintiffs, precipitated down said ravine and into plaintiffs' said building in such quantities and with such force as to flood and greatly damage said building, and that great quantities of plaintiffs' merchandise then situate in said store building, were greatly damaged and destroyed."

It is the theory of appellant that the city is liable for the damages suffered by the flooding of his premises, because it graded Burrett and Main streets and the alley without providing outlets of sufficient capacity to carry the flood water flowing down the ravine.

[1] One of the respondent's contentions is that in view of Const., art. 6, § 13, compensation must be presumed to have been paid, or waived, for damages then or thereafter accruing caused by the grading of the streets, and its counsel cite Searle v. City of Lead. 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345, and Whittaker v. City of Deadwood, 12 S. D. 608, 82 N. W. 202. We do not think this ground is well taken. In construing a pleading we might indulge in the presumption that compensation was made, or waived, for damages arising from the proper construction of these grades, but we cannot presume that compensation has been made, or waived, for damages arising from negligent construction. By the constitutional provision, the compensation for the taking or damaging of property for public use must be paid "before possession is taken." At that stage of the proceeding a landowner cannot be presumed to know that the construction will be faulty.

[2] Respondent further contends that it is not liable for reasons which may be tersely said to embody the doctrines of assumption of risk and contributory negligence. It claims that because the plaintiffs, in erecting their building, accepted the tile drain and built over it they may not be heard now to complain of its inadequacy. We are inclined to the view that this contention is sound in so far as it applies to the laying of the 24 and 18 inch tile drain prior to the time appellants built their building. We think that by building over this drain they ought not now to be heard to complain of the inadequacy of it.

[3] But this contention does not cover all of the allegations of negligence in this case. The allegations with reference to the grading of Burrett street and the alley show that these improvements were made after plaintiffs' building was constructed. We are unable to understand from the complaint whether it was the intention to allege that the culvert under Burrett streets was laid before or after the construction of appellants' building, but in either event sufficient is alleged to show that by raising the grade of Burrett street and by grading the alley, the flood waters were

accumulated, and that it was this that caused the sudden precipitation of the waters on appellants' building.

[4]   We think the respondent city had no right to thus cause an accumulation of water and thus cause it to descend precipitately upon appellants' land (Hume v. City of Des Moines, 146 Iowa 624, 125 N. W. 846, 29 L. R. A. (N. S.) 126, Ann. Cas. 1912B, 904; Bailey v. Chicago, St. P., M & O.. R. Co., 25 S. D. 200, 126 N. W. 268), and to that extent the complaint does state a cause of action.   There is another allegation in the complaint to the effect that the respondent city constructed a surface ditch on the south side of Barrett street and extended it across Third street, so that flood waters from lands not theretofore draining into said ravine would be drained into said ravine, thereby greatly increasing the quantity of water to be discharged through said culvert.   It was contended upon the oral argument by respondent that it was not alleged that this extension was made before the time of the flood in question, and it was asserted that, as a matter of fact, it was done after the injury complained of.   All we need to say at this time is that, if such extension was made before the time of the injury, it would furnish an additional ground of liability on the part of the city. 9 R. C. L. 684.

The judgment appealed from is reversed.

ANDERSON, J., not sitting.

Note—Reported in 191 N. W. 455.  See American Key-Numbered Digest, (1) Eminent Domain, Key-No. 295, 20 C. J. Sec. 557; (2) Municipal Corporations, Key-No. 842, 28 Cyc. 1338-1339; (3) Municipal Corporations, Key-No. 835, 28 Cyc. 1329; (4) Municipal Corporations, Key-No. 835, 28 Cyc. 1330.

On liability of municipal corporation for damming back surface water by grading of street, see notes in 65 L. R. A. 250, and 29 L. R. A. (N. S.) 126; 9 R. C. L. 684, et seq.