OTELLE, Respondent, v. CITY OF SIOUX FALLS, Appellant.

(220 N. W. 472.)

(File No. 6518.   Opinion filed July 7, 1928.)

*Roy D. Burns,* of Sioux Falls, for Appellant.
*N. B. Bartlett,* of Sioux Falls, for Respondent.

POLLEY, J. This is an appeal from an order overruling a demurrer to plaintiff's complaint. The complaint purports to plead two causes of action, though there is but one, and defendant demurred separately to each of such purported causes of action on the grounds: First, that several causes of action are improperly united; and, second, that the complaint does not state facts sufficient to constitute any cause of action at all. Perfectly consistent?

■ The demurrer was properly overruled. The trouble with the complaint is, not that it does not plead a cause of action, but that the few facts necessary to plead plaintiff's cause of action are so thinly interspersed through an excess of superfluous verbiage that it is only after long and diligent study of the complaint that such facts can be found.

The facts, as we gather them from the complaint, are: That plaintiff is the owner of some building lots in the city of Sioux Falls. That the general contour of such lots and the surface of the adjoining land are such as to provide sufficient natural drainage for such lots. That by the construction of certain streets, curbs, and pavements defendant has obstructed said drainage and impounded large quantities of water upon plaintiff's said lots, thereby greatly damaging the same and the buildings thereon. These facts constitute a cause of action and, had plaintiff stated the same in his complaint and then "rested from his labors," it is not at all likely that any demurrer would ever have been interposed.

██ As an example of the contents of the complaint, plaintiff alleges that defendant is a municipal corporation; then follows nearly a page of the printed record setting out defendant's legal functions, duties, and liabilities, all of which necessarily follow as matter of law from the mere fact that defendant is a municipal corporation organized and existing according to law. As another example, plaintiff sets out the general contour, course of drainage, and quantity of water that accumulates on the surface of the surrounding neighborhood, all of which is mere evidence, if relevant at all, and has no place in the pleading.

The order appealed from is affirmed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur.

CAMPBELL, J., not sitting.