## NATIONAL WEEKLIES, INC. v. CHRIST JENSEN AND ANOTHER.[1]

April 2, 1931.

No. 28,040.

*Brown, Somsen & Sawyer,* for appellant.

*Webber, George & Owen, Tawney, Smith & Tawney,* and *E. D. Libera,* for respondent.

[1]Reported in 235 N. W. 905.

DIBELL, J.

Action by the plaintiff to recover damages for the negligent flooding of the basement of its building in Winona. Upon the first trial there was a verdict for the defendant city and its codefendant, Jensen, who was the contractor with the city. Plaintiff's motion for a new trial was denied as to defendant Jensen and granted as to the city. Upon the second trial, the result of which is involved on this appeal, there was a verdict for the plaintiff against the city, and it appeals from the order denying its motion for a new trial. The defendant Jensen was not involved in the second trial and is not concerned with this appeal.

In brief it is the claim of the plaintiff that in June, 1927, in improving a street and installing sewers, catch basins, manholes, etc. the city removed a portion of the stone curb immediately adjacent to the retaining wall of plaintiff's building and also the brick paving in front; that it negligently permitted the basement to remain unprotected from the elements and exposed to the flow of water; that on June 18, 1927, a rain came; and that because of such negligence of the city the basement was flooded. That substantial damage was done is without dispute.

The evidence sustains a finding of negligence. The city exposed the basement to a flow of water from the street. A flood came, and there was resulting damage. It is quite unnecessary to state the evidence in detail or describe the physical surroundings of the building and its connection with the street. The jury was justified in finding that the basement was exposed as not before to floods from a storm and that the defendant should have anticipated that damage might come from what it did or failed to do. The doctrine of Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641, is applicable:

"If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; but, if the act itself is negligent, then the person guilty of it is equally liable for all its natural and proximate consequences, whether he could have fore-

seen them or not. Otherwise expressed, the law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow."

To charge the defendant with negligence and with liability for the results of it the plaintiff need not prove that the defendant foresaw the extent of injury which did result. The test of· negligence, as indicated in the Christianson case, 67 Minn. 94, 69 N. W. 640, is the question of the exercise of ordinary care under all the circumstances; and the test of proximate cause is whether the result followed in unbroken sequence from the original wrong. The cases are collected in 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7002, et seq.

■ If the damage done was solely the result of an act of God the city was not liable. If the negligence of the city proximately contributing and an act of God combined to produce the result, the city is liable. The rule is stated in 1 Shearman & Redfield, Negligence (6 ed.) § 39, as follows:

"It is universally agreed that, if the damage is caused by the concurring force of the defendant's negligence and some other cause for which he is not responsible, including the 'act of God' or superior human force directly intervening, the defendant is nevertheless responsible, if his negligence is one of the proximate causes of the damage, * * *."

In 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7007, the Minnesota rule is stated as follows:

"It has been said that 'if damage is caused by the concurrent force of defendant's neglect and some other cause for which he is

not responsible, including an act of God, he is nevertheless liable if his negligence is one of the proximate causes of the injury complained of, even though, under the particular circumstances, he was not bound to anticipate the interference of the intervening force which concurred with his own.' Where several concurring acts or conditions, one of them a wrongful act or omission, produce an injury, such wrongful act or omission is to be regarded as the proximate cause of the injury, if it be one which might reasonably have been anticipated from such act or omission, and which would not have occurred without it."

The supporting cases are cited in the notes. The case of Bibb Broom Corn Co. v. A. T. & S. F. Ry. Co. 94 Minn. 269, 102 N. W. 709, 710, 69 L. R. A. 509, 110 A. S. R. 361, 3 Ann. Cas. 450, is illustrative. There broom corn was damaged in the course of transportation. There was extraordinary rainfall constituting vis major. The court said [94 Minn. 271]:

"As a general rule, applicable to all cases of negligence, if damage is caused by the concurrent force of defendant's neglect and some other cause for which he is not responsible, including an act of God, he is nevertheless liable if his negligence is one of the proximate causes of the injury complained of, even though, under the particular circumstances, he was not bound to anticipate the interference of the intervening force which concurred with his own."

■ The city claims that the storm of June 18, 1927, was unusual in severity and something the like of which had not occurred before in Winona; and that in the language of the law it was an act of God or vis major for the results of which it is not liable; and it seriously urges that the court incorrectly charged relative to the burden of proof of the character of the storm and its liability for what it claims was the consequence of vis major. In its answer it said:

"Admits that on or about June 18th, 1927, plaintiff sustained some injury to certain property of plaintiff located upon said plaintiff's premises on account of water, but denies that such injury was

due to any negligence or want of care on the part of said city, and alleges that such injury was due to an unprecedented cloudburst which occurred suddenly, without warning, which could not have been foreseen in the exercise of ordinary care on the part of either of these defendants, and which was and constituted an act of God."

The court charged at length and accurately upon the defendant's negligence. It charged over and over that if the defendant could not have anticipated in the exercise of reasonable care that such a flood as came would come it could not be charged with liability for not guarding against its results; and that it was not liable for the consequences of vis major. It charged:

"The defendant further claims that plaintiff's damage was caused by an extraordinarily heavy rainfall—so heavy that ordinarily prudent men would not have anticipated its occurrence. Defendant was not required to anticipate extraordinary and unusual storms that would not be expected to occur in view of the past history of the locality, and no negligence can be founded upon the failure to anticipate them and provide against them. If the damage here in question was caused by such an extreme, then the defendant is not liable."

Here the court was charging upon the question of negligence and the effect of anticipated or foreseeable consequences or the absence of them. There followed immediately this:

"The burden is upon the defendant to prove by a fair preponderance of the evidence that the damage was caused by such a storm. If you find from the evidence that the storm on the day of plaintiff's injury was so severe, and the amount of water that came on plaintiff's premises in consequence of the storm was so great that plaintiff's premises would have been flooded and the injuries sustained by plaintiff would have occurred even though defendant had not cut the curb or taken up the paving, then your verdict must be for the defendant city."

The exception at the trial was "to that portion of the charge which instructed the jury that the burden was on defendant to prove

that the storm on June 18, 1927, was unusually severe." The specification of error on the motion for new trial followed the wording of the charge, as does the assignment of error on appeal. The burden of proof that there occurred the extraordinary storm claimed was put upon the defendant, and it belonged there.

The court correctly charged relative to negligence and put before the jury over and over again the effect of foreseeable and nonforeseeable consequences as elements of proof of negligence, and over and over told the jury that the verdict must go for the defendant unless the plaintiff proved by a preponderance of the evidence negligence which was a proximate cause of the injury; and that the burden of proof was upon it. The jury found negligence and proximate cause. There is no question but that the coming of the water, whether it be called a flood or a cloudburst, caused the damage. Unless it was of such character as to be an act of God or vis major, the defendant was liable. It was for the defendant to prove that this storm was of the character which relieved it of liability. Negligence was not predicated of the storm. The negligence was in dealing with the street so as not to guard against a result which in the exercise of care should have been anticipated. This was the issue.

The evidence was not all one way. All agree that there was a heavy storm. There had been rains before during the month. Heavy downfalls in June are not unusual in this section of the country. A measurement at the time indicated a downfall of two inches in one and one-half hours. Not all of the witnesses viewed the fall as so unusual. It may have been heavier in some places in the path of the storm than in others. The measurement may not have been wholly accurate.

The defendant cites Montanari v. Haworth, 108 Ohio St. 8, 140 N. E. 319, involving what the defendant claimed was the negligence of a third party causing the injury, where it was held that the plaintiff had the affirmative of the issue and the burden of proof throughout the trial. This is a case typical of many others and does not control. There are resemblances and differences. The burden was

upon the plaintiff to prove that the defendant caused the injury. The issue was not upon the third party's negligence. Here the issue was between the plaintiff and the defendant upon its negligence proximately causing damage. The charge was that the defendant must prove the existence of such a storm as would relieve it of liability. If it was guilty of negligence which helped do the damage, a storm would relieve it if of the character claimed by the defendant. The jury found negligence. There is no doubt that the flood of waters was a cause of the damage; and the jury might have found either way upon the question whether it was of a character coming within the definition of an act of God or vis major.

In 45 C. J. p. 1162, § 749, the rule is said to be that where the plaintiff has established a case of negligence "defendant has the burden of proving all issues raised as a matter of affirmative defense, such as the contributory negligence of plaintiff, where it is considered a defense, or that [of] an act of God." In support of the last statement there is cited City of McCook v. McAdams, 76 Neb. 1, 106 N. W. 988, 110 N. W. 1005, 114 N. W. 596. This case involved a flooding of the plaintiff's property through the failure of the city to keep in condition a system of drainage which it had constructed. The pleading was as here. The appeal was reargued twice. The court finally held that the burden of proving that the flood was the cause of the injury was upon the defendant. It said [76 Neb. 12]:

"While the burden is on the plaintiff to show that his loss is the result of the defendant's negligence, when he has established the fact of negligence on the part of the defendant and that his loss occurred directly therefrom, he has met all of the conditions the law imposes upon him in order to recover, before any evidence is produced by the defendant. He is not required to go further, and to anticipate and disprove all defenses which the other party may have pleaded or may introduce evidence to support under a general denial. When the plaintiff has closed his case, the defendant may show that it was not guilty of the negligent act complained of by either direct or indirect proof which negatives the proof offered by the plaintiff

as to the fact of its negligence or the plaintiff's damage. Further than this, the defendant may plead and offer proof of matters in excuse or justification, as that the injury complained of would have occurred in any event without the concurrence of the defendant's negligence, or that some outside, independent force, of such nature that the defendant in its duty of observing care could not reasonably have anticipated or guarded against, was the proximate cause of the injury. Such defenses, while not technically confession and avoidance, partake of the nature of such defense. * * * They are affirmative in their nature and the burden of proving them is upon the person asserting them, * * *.

"After its negligence was established it had the laboring oar. The burden did not rest upon it to disprove negligence, but upon the plaintiff to prove it, but, negligence being proved against it, it did have the burden of showing an independent cause for the injury, by reason of which it was released from liability."

This case is thoroughly considered and helpful. We need not go so far. We are justified in saying that the jury found negligence. The charge was that the burden was upon the defendant to prove that the storm was of the character claimed; that is, one which in the law's view was an act of God. It is hardly to be questioned that the burden of proving the nature of the storm was upon the defendant, and it is not a doubtful question that it might be found that the storm with the negligence of the defendant was the cause of the damage. It could not be required of the plaintiff that after proving the defendant's negligence it take the burden of proving that the storm was not extraordinary and that it had no proximate connection with the damage. The charge did not shift the burden of proof of the issue.

The case was tried vigorously and is presented here not less forcefully. There were several pages of requested instructions, and exceptions to those given or refused, and specifications of error on the motion for a new trial; and there are 25 assignments of error. We have examined them all and find nothing which should engage a discussion. The defendant complains of the trial court's refusal

to submit the defendant's claim of contributory negligence. We have given this point special attention. The burden of proof was upon the defendant. We find that the trial court did not err in holding there was none.

Order affirmed.