DESCHNER, et al, Respondents, v. CITY OF IPSWICH, Appellant.

(240 N. W. 487.)

(File No. 7093. Opinion filed February 5, 1932.)

*J. M. Berry* and *H. L. Woodworth,* both of Ipswich, for Appellant.

*Fletcher & Fletcher,* of Aberdeen, for Respondents.

RUDOLPH, J. The respondents are the owners of a brick building located in the city of Ipswich, S. D. In August, 1927, following a heavy rain, water ran down the street on the west side of respondent's building, washed under the sidewalks, and broke through the wall of an areaway and into the basement, causing considerable damage to the building. The respondents brought this action against the city of Ipswich to recover the amount of the damage. From a verdict and judgment in favor of the respondents, and from an order denying a motion for a new trial, the city has appealed.

The evidence disclosed that the city maintained a storm sewer directly across the street west from the respondents' building, and that a culvert with an opening somewhere in the proximity of the building extended across the street and connected onto the storm sewer. About three years prior to the flooding of the basement in 1927, the city had extended the storm sewer two blocks on the upper end and added three additional catch basins. The complaint alleged that the city about four or five years prior to 1927 changed the grades of streets in the city and increased the accumulation of water near the building of the respondent. There is no evidence to sustain this allegation. The respondents' building was built on a lot that was naturally low. The water drained from the north and northwest toward this lot. The water did not back up and flood respondents' property by coming out of the storm sewer, but the damage was caused by water naturally flowing towards the building. The substance of the respondents' case is that the city maintained a storm sewer inadequate to carry off the excess water, and this is the basis upon which they seek to recover.

From what has been stated above it is apparent that this action cannot be maintained upon the authority of Haley & Lang Co. v. Huron, 36 S. D. 6, 153 N. W. 891, which involved an improper sewer connection causing water to back up in the sewer and flood the plaintiffs' basement. Neither is the case of Habicht v. Wessington Springs, 46 S. D. 176, 191 N. W. 455, authority here, for in that case the city had, by making a grade, obstructed and accumulated the surface water to the damage of the plaintiff. There is no evidence in this present case that any more of the surface water reached respondents' building than would have reached it had the storm sewer never been constructed. On the other hand, the evidence discloses that, had the storm sewer not been constructed, a least a considerable portion of the water that flowed through the sewer would have been an additional menace to the respondents.

Does the fact that the city maintained a storm sewer of insufficient capacity to carry off these surface waters, collecting as disclosed by the evidence, render the city liable for respondents' damages? There is some doubt in our minds that the August, 1927, rain, which caused the principal damage of which respondents complain, could be classified as an ordinary rain, but for the purpose af this decision we will presume that the storm sewer as maintained was of insufficient capacity to carry off the surface water which collected near the building as the result of an ordinary rain. Under the powers granted by section 6169, Rev. Code 1919, the city of Ipswich had authority to construct a storm sewer, but there was no obligation upon the city to do so. The reasoning in the case of Adams v. City of Omaha, 119 Neb. 753, 230 N. W. 680, 681, becomes pertinent. "The law authorizes, but does not require, cities of the metropolitan class to construct storm sewers. If no storm sewers had been constructed, plaintiff's damage would not have been less and might have been greater. Plaintiff's plight is no worse because of the insufficiency of the sewer, and it is to be inferred that it is somewhat better. * * * If failure to construct storm sewers to carry off any of the surface waters was not negligence, certainly the construction of the sewer that carries away a part of the water would not be actionable." See, also, Little Rock v. Willis, 27 Ark. 572; Atchison v. Challiss, 9 Kan. 603.

The respondents rely to some extent upon the fact that the

storm sewer had been extended and additional catch basins added; respondents' position seemingly being that thereby an already inadequate storm sewer was rendered more inadequate. But this, we believe, is immaterial. The city is obligated to furnish no storm sewer, and, if the respondents are in no worse condition than they would have been if the storm sewer, together with the additions, had never been made, they are in no position to complain. See Waters v. Bay View, 61 Wis. 642, 21 N. W. 811; Henderson v. Minneapolis, 32 Minn. 319, 20 N. W. 322.

The appellant, at the close of the respondents' case, and again after both parties had rested, moved for a directed verdict, which was denied. The appellant has properly assigned as error the denying of this motion. For the reasons herein expressed, we are of the opinion that the motion should have been granted. The judgment and order appealed from are reversed, and the trial court is directed to enter judgment dismissing the complaint.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.