BRASEL et ux, Appellants v. MYERS et al., Appellants v.
CITY OF PIERRE, Respondent

(229 N.W.2d 569)

(File Nos. 11520, 11532. Opinion filed May 23, 1975)

Bradley G. Bonynge, Wessington Springs, for plaintiffs and appellants.

May, Porter, Adam, Gerdes & Thompson, Pierre, for defendants and appellants.

Stephens, Riter, Mayer & Hofer, Pierre, for defendant and respondent.

DOYLE, Justice.

This case has been previously before us and was disposed of on a procedural basis. Brasel v. City of Pierre, 1973, S.D., 211 N.W.2d 846. Any facts set forth in our previous opinion will not be reiterated herein. Pursuant to the remand of this court, the summary judgment heretofore entered by the trial court has been certified as being a final judgment of that court, and the judgment is now before us on this appeal.

Two questions are presented: (1) Should the trial court have granted Homer Myers' and Jack Paul Myers' (Myerses) motion for summary judgment or motion to dismiss, and (2) Was the City of Pierre entitled to summary judgment.

█ It should be first noted that Myerses had previously petitioned this court for an appeal from the intermediate order dated March 15, 1972, which appeal was denied by this court. Consequently, Myerses' appeal is before this court under SDCL 15-6-56, which statute is identical to F.R. Civ.P. 56. Thus, absent a determination of this court, we look to the federal courts for guidance. The rule is stated in Wright & Miller, Federal Practice and Procedure: Civil § 2715:

> "A denial of summary judgment indicates that the moving party has failed to establish that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law; a trial therefore is necessary. As a result, the denial of a Rule 56 (SDCL 15-6-56) motion is an interlocutory order from which no appeal is available until the entry of judgment following the trial on the merits."

Therefore, Myerses' appeal is untimely until the matter has been tried on the merits.

█ Both Brasels and Myerses appeal from the summary judgment granted the City of Pierre dismissing the action as to the City. In Wilson v. Great Northern Railway Company, 1968, 83 S.D. 207, 157 N.W.2d 19, this court set forth the principles governing summary judgment which may be summarized as follows:

(1) The evidence must be viewed most favorably to the nonmoving party;

(2) The burden of proof is upon the movant to show clearly there is no genuine issue of material fact and that he is entitled to judgment as a matter of law;

(3) It was never intended to be used as a substitute for a trial by jury where any genuine issue of material fact exists;

(4) A surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so insubstantial that it is obvious that it would be futile to try them;

(5) Summary judgment is an extreme remedy and should be awarded only when the truth is clear, and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant;

(6) Where, however, no genuine issue of fact exists, it is looked upon with favor and is particularly adapted to expose sham claims and defenses.

And as stated by Justice Hanson in his dissent:

" 'Thus, a summary judgment, like a directed verdict, is unwarranted unless the court is convinced from the proof that the jury could arrive at but one conclusion, and if it did otherwise the court would be compelled to render judgment n. o. v.' "

■ In applying the foregoing principles, this court cannot say

on the pleadings, the city ordinance involved,* and the depositions taken that there is no genuine issue of material fact so that the movant is entitled to a judgment, as a matter of law, when the evidence must be viewed in a light most favorable to the other parties. It is apparent that one of the issues of material fact is: by whose authority, consent or acquiescence was the hole cut in the sidewalk? Under all the circumstances, was it negligence to allow a hole to be cut in the sidewalk? As yet, sufficient facts have not been developed so that the truth is clear. Thus, when such doubts arise, the motion must be resolved against the movant. We are of the opinion that the liability of the defendants is covered by the provisions of SDCL 9-46. It is the duty of the city to keep sidewalks in good repair. Strait v. City of Eureka, 17 S.D. 326, 96 N.W. 695; Gurney v. Rapid City, 74 S.D. 194, 50 N.W.2d 360; Rapid City v. First National Bank, 79 S.D. 38, 107 N.W.2d 693. Furthermore, Pierre City Ordinance No. 761 creates duties and obligations on the part of both the City and abutting property owner with reference to the sidewalks, which are the subject of this controversy. In our opinion these questions of fact must be resolved by a jury.

The Myerses' motion for summary judgment is denied; the summary judgment in favor of the City of Pierre is hereby reversed and the cause remanded to the circuit court for trial on the merits.

---

* A certified copy of City Ordinance No. 761 appears in the record and reads:
"ORDINANCE NO. 761

"AN ORDINANCE PROVIDING FOR THE PLANTING OF TREES WITHIN CERTAIN AREAS ON PIERRE STREET WITHIN THE CITY OF PIERRE.

*Be it ordained by the City of Pierre, South Dakota:*

Section 1. Persons owning or occupying lots or parcels of land abutting on Pierre Street, from the Viaduct to Missouri Avenue, shall be exempt from the provisions of Section 13.0602 and 13.0603 of Ordinance No. 645 in Revision of Ordinances.

Section 2. Owners or occupants desiring to plant trees within the exempt area hereinabove described may do so after first having the type of tree and the position of the tree, or trees, approved by the City Commission of the City of Pierre, and the trees must be planted, cared for, trimmed and replaced by said owners or occupants, and the said tree, or trees, must be placed, cared for and trimmed so as not to interfere in any way with the city street lighting system, or to interfere with any other utilities."

DUNN, C. J., and WOLLMAN, J., concur.

COLER, J., concurs specially.

WINANS, J., deeming himself disqualified, did not participate.

COLER, Justice (concurring specially).

While the material facts are set forth in 211 N.W.2d 846, the question of law raised by those facts and the pleadings must necessarily be stated by the trial court for a meaningful decision by this court on appeal.

Plaintiff has alleged, and therefore acknowledged, that the damage to his property essentially occurred by reason of "cloudbursts causing heavy and rapid rainfall". He further alleged that such cloudbursts are to be expected and that the defendants knew or should have known that the surface water, under the circumstances of a cloudburst, would come upon the sidewalk. This would imply that the city has a duty to maintain an impervious sidewalk, an untenable position in view of our decision in Deschner v. City of Ipswich, 1932, 59 S.D. 456, 240 N.W. 487. If the trial court relied on defensive pleadings, I feel the court erred. The answer of defendant city claiming contributory negligence of the plaintiff in building under the sidewalk seems adequately answered in the negative by the decision of this court in Dell Rapids Mercantile Co. v. City of Dell Rapids, 1898, 11 S.D. 116, 75 N.W. 898, 74 Am.St.Rep. 783.

As to the application of the sovereign immunity doctrine raised by the pleadings, in relevant cases cities have been either retained in a lawsuit for purposes of determining their negligence, or judgments against them have been affirmed in cases wherein the city played an active part in the construction of the street by way of change of grade or have been negligent in the construction of water mains, sewer lines or compacting of materials for those purposes, resulting in flooding damage to private property.

> "For damages resulting from flooding of private property the proximate cause of which is its negligence in the

construction or operation of its sewer or water utilities, a municipal corporation is liable; it is not an insurer and liable for such damages in the absence of legal fault on its part." Rikansrud v. City of Canton, 1962, 79 S.D. 592, 598, 116 N.W.2d 234, 237.

Absent some negligent act the city would be entitled to a summary judgment under the plain language of Deschner v. City of Ipswich, 1932, 59 S.D. 456, 240 N.W. 487.

If, as the pleadings and record in this case reflect, the only participation of the city was in adopting an ordinance at the behest of civic groups to permit tree planting where obviously an existing ordinance prohibited such acts, such passive action does not, in my opinion, constitute negligence. Perhaps some negligent act can be established and plaintiff should not be foreclosed from that opportunity.

The plaintiffs do not allege negligent design or construction as it relates to street grade, crown, width or depth of curb and gutter to accommodate normal rainfall or runoff, Habicht v. City of Wessington Springs, 1922, 46 S.D. 176, 191 N.W. 455; or to cause an obstruction to drainage so as to impound large quantities of water on plaintiff's property, Otelle v. City of Sioux Falls, 1928, 53 S.D. 160, 220 N.W. 472. Municipal corporations are authorized to construct storm sewers. SDCL 9-48-1(5), 9-48-2. There is no requirement that they do so. It is discretionary, Nelson v. City of Sioux Falls, 1940, 67 S.D. 320, 292 N.W. 868.

The most significant defense raised relates to the claim that an act of God was the proximate cause of the damages.

"An act of God has been defined as 'any accident, due directly and exclusively to natural causes without human intervention, which by no amount of foresight, pains, or care, reasonably to have been expected, could have been prevented',

"An act of God must be the sole proximate cause of damages without concurrent negligent participation of the defendant before the defendant is entitled to a verdict. The defendant has the burden of proving such al-

leged defense by a preponderance of the evidence." N.W. Bell Tele. v. Henry Carlson Co., 1969, 83 S.D. 664, 165 N.W.2d 346.

Our court, quoting with approval from National Weeklies, Inc. v. Jensen, 183 Minn. 150, 235 N.W. 905, stated:

" 'If the damage done was solely the result of an act of God, the city was not liable. If the negligence of the city proximately contributing and an act of God combined to produce the result, the city is liable.' " N.W. Bell Tele. v. Henry Carlson Co., supra.

To the same effect is our holding in Smith v. City of Yankton, 1909, 23 S.D. 352, 121 N.W. 848. The admission of the plaintiff that an act of God contributed does not then exonerate the city unless the city meets its burden of proof. For illustrations of cases dealing with negligence of a city and proximate cause see Shann v. City of Rapid City, 1948, 72 S.D. 418, 35 N.W.2d 399; and Haley & Lang Co. v. City of Huron, 1915, 36 S.D. 6, 153 N.W. 891.