ROSS v. SCHOOLEY.

(Circuit Court of Appeals, Seventh Circuit.    January 7, 1919.)

No. 2603.

1. STATUTES ⬡⟿208, 211, 221.—CONSTRUCTION—INTENT.
     If a legislative intent can unmistakably be gathered from title, context, and common knowledge, it is as much a part of the act as if it were written out in the clearest words.

2. MASTER AND SERVANT ⬡⟿111(1)—FEDERAL SAFETY APPLIANCE ACT.
     In the Safety Appliance Act (Comp. St. §§ 8605, 8613, 8617) it is implied that a railroad is liable in a private suit for an employé's injury or death resulting from a violation thereof.

3. NEGLIGENCE ⬡⟿6—VIOLATION OF STATUTE.
     Every person for whose protection a statute sets up a particular standard of conduct is entitled to compensation for damages suffered through violation of that statute.

4. COMMERCE ⬡⟿8(6), 27(5)—FEDERAL SAFETY APPLIANCE ACT—EFFECT OF STATE COMPENSATION ACTS.
     Inasmuch as Congress has created the liability for damages for injuries or death resulting from violation of the Safety Appliance Act (Comp. St. §§ 8605, 8613, 8617), no state Legislature can alter or impair the federal right by passing compensation acts, and an injured employé is entitled to recover under the Safety Appliance Act, although at the moment of the injury he was not engaged in interstate commerce; the congressional power called into play being the power to prescribe the equipment of interstate carriers for protection of all persons upon such roads, regardless of their participation in interstate commerce.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action by Pearl I. Schooley, administratrix of the estate of Otto Schooley, deceased, against Walter L. Ross, as receiver of the Toledo, St. Louis & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Certiorari denied 249 U. S. ——, 39 Sup. Ct. 390, 63 L. Ed. ——.

C. E. Pope, of East St. Louis, Ill., for plaintiff in error.

David K. Tone and Morse Ives, both of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge.    Schooley, a brakeman on plaintiff in error's interstate railroad, met his death in Illinois by reason of defective couplers. Defendant in error recovered judgment for damages on account of the violation of the federal Safety Appliance Act. U. S. Comp. Stat. §§ 8605, 8613, 8617.

Because defendant in error omitted to aver and prove that decedent at the time of his injury was engaged in interstate commerce, the contention is made that the exclusive right and remedy are under the Illinois Workmen's Compensation Act, which was in force at the time of the accident. Hurd's Ill. Rev. Stat. 1916, c. 48.

If the accident had occurred while decedent was working in inter-

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

state commerce, plaintiff in error admits that the administratrix could have recovered for the violation of the Safety Appliance Act by reason of the express declarations of the federal Employers' Liability Act. U. S. Comp. Stat. § 8657.

[1] The pole star of statutory construction is the legislative intent. If a legislative intent can unmistakably be gathered from title, text, context, and the background of common knowledge, it is as much a part of the act as if it were all written out in the clearest words.

[2, 3] Liability to private suit for resulting injury or death is expressly declared in the Employers' Liability Act. In the Safety Appliance Act it is implied from the known frightful loss of lives and limbs due to the old link-and-pin couplings and defective automatic couplers; from the purpose stated in the title "to promote the safety of employés and travelers"; from the effect of the payment of damages as a spur to observance; from the direction to courts contained in section 8 of the act of 1893 (Comp. St. § 8612) that an injured employé "shall not be deemed to have assumed the risk"; from the proviso in section 4 of the supplemental act of 1910 (Comp. St. § 8621) in relation to "liability in any remedial action for the death or injury of any railroad employé"; and especially from the premise that the legislators had in mind the immemorial rule that every person for whose protection a statute sets up a particular standard of conduct is entitled to compensation for damages suffered through violation of that statute.

Under the Employers' Liability Act there is no need to count upon any state statute creating a liability for wrongful death, because that liability was expressly stated by the Congress. Inasmuch as the same legislative intent respecting liability is found in the Safety Appliance Act, the same result follows.

Recovery for wrongful death under the Employers' Liability Act is for the benefit of the next of kin, but the action can be brought only by the administrator; and as there is no federal machinery for appointing administrators, resort in that respect must be had to state business. But that necessity is of no greater consequence under the Safety Appliance Act.

[4] Inasmuch as the Congress has created the liability for damages for injury or death resulting from violation of the Safety Appliance Act, no state Legislature can alter or impair the federal right by passing compensation acts.

It is immaterial whether the injured employé was at the moment engaged in interstate or intrastate commerce, because the congressional power that was called into play was the power to prescribe the equipment of interstate carriers for the protection of all persons upon such roads, both employés and travelers, regardless of their participation in interstate commerce. A state Legislature, therefore, has no more power to curtail the federal right of an employé than of a traveler.

What effect a state compensation law has upon the right under the Safety Appliance Act of an employé, who was injured through defective appliances while coupling intrastate cars on an interstate railroad, has not been directly involved in any case in the Supreme Court cited by counsel or found by us. But our conclusion, which rejects a result

that would make the operativeness of the act dependent upon the legislative wills of the several states, and which aligns that act with the Employers' Liability Act in substantive and procedural effect, is supported by our understanding of Schlemmer v. Buffalo, etc., Ry. Co., 205 U. S. 1, 27 Sup. Ct. 407, 51 L. Ed. 681; St. Louis, etc., Ry. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061; Delk v. St. Louis, etc., Ry. Co., 220 U. S. 580, 31 Sup. Ct. 617, 55 L. Ed. 590; North Carolina Ry. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159; Southern Ry. Co. v. R. R. Com. Ind., 236 U. S. 439, 35 Sup. Ct. 304, 59 L. Ed. 661; Texas, etc., Ry. Co. v. Rigsby, 241 U. S. 33, 33 Sup. Ct. 482, 60 L. Ed. 874; New York, etc., Ry. Co. v. Winfield, 244 U. S. 147, 37 Sup. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139. And we find nothing in Minneapolis, etc., Ry. Co. v. Popplar, 237 U. S. 369, 35 Sup. Ct. 609, 59 L. Ed. 1000; New York, etc., Ry. Co. v. White, 243 U. S. 188, 37 Sup. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; or Louisville & Nashville R. R. Co. v. Layton, 243 U. S. 617, 37 Sup. Ct. 456, 61 L. Ed. 931, cited by plaintiff in error, that constrains us to a different conclusion.

The judgment is affirmed.