WISCONSIN GRANITE CO., Respondent, v. STATE, Appellant.

(223 N. W. 600.)

(File No. 6167.   Opinion filed February 2, 1929.)

*Buell F. Jones,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for the State.

*Parliman & Parliman,* of Sioux Falls, for Respondent.

BROWN, J.   This is an appeal from an order overruling defendant's demurrer to the complaint.   The material allegations of the complaint are:   That Carl E. Koehler was a workman employed by plaintiff in a stone quarry at Sioux Falls; that the state operated a quarry closely adjoining plaintiff's quarry; that the state borrowed from plaintiff one of plaintiff's workmen, named Harry Vassor, who was an expert in firing blasts to loosen the rock; that, while working for the state, Vassor fired a blast without giving proper warning to Koehler who was working in plaintiff's quarry; that a rock from said blast hit Koehler on the head and seriously injured him; that plaintiff had paid to Koehler $3,048.01 under the Workmen's Compensation Law of the state; that Koehler had sustained damages by the injury to the amount of $20,000, and plaintiff brings this suit against the state to recover $20,000, of which $3,048.01 was to reimburse plaintiff for what it had paid under the Workmen's Compensation Law and $16,951.99 was for the benefit of Koehler.   The only ground of demurrer that we need consider

is that the complaint does not state facts sufficient to constitute a cause of action.

Chapter 303 of the Laws of 1925 provides that all actions against the state, where the state or some of its employees or servants are guilty of the negligence that caused the injury as provided in the Workmen's Compensation Law, shall be brought in the circuit court in the county wherein the injury occurred.

The provisions of the Workmen's Compensation Law apply to the state. Rev. Code, § 9451.

So far as material to this case, Rev. Code, § 9446, as amended by chapter 416 of the Laws of 1921, provides that, when a compensable injury has been sustained for which a legal liability for damages would attach to some other person than the employer who has paid compensation, the employer may collect from such other person the amount of such liability, and hold for the benefit of the injured employee the damages collected in excess of the compensation paid, plus the necessary and reasonable expense of collection. Plaintiff contends that under the foregoing provisions of law this action is maintainable.

In absence of constitutional or statutory authority, an action cannot be maintained against the state. "The rule is well established that a state is not liable for the negligence or misfeasance of its officers or agents, except when such liability is voluntarily assumed by its legislature. The doctrine of respondeat superior does not prevail against the sovereign, in the necessary employment of public agents. The exemption is based upon the sovereign character of the state and its agencies, and upon the absence of obligation, and not on the ground that no remedy has been provided." 25 R. C. L. 407. See, also, 36 Cyc. 913, 914; 38 Cyc. 472. This exemption is based upon the absence of obligation and not upon mere absence of remedy, so that the consent of the state to be sued and specifying the court in which suit may be brought does not, in itself, create any obligation or liability on the part of the state. Riddoch v. State, 68 Wash. 329, 123 P. 450, 42 L. R. A. (N. S.) 251, Ann. Cas. 1913E, 1033.

Wherever state exemption from liability to suit has been removed, it has been done by legislative action and not by judicial decision, and courts have generally held that assumption by the state of liability for torts must be clearly expressed in the statute

under which liability is claimed to be created. For example, the act creating a court of claims in the state of Illinois provided that it should be the duty of the court to hear and determine, among other things, "all unadjusted claims founded upon any law of the State or upon any contract, express or implied, with the government of the State," and, after enumerating a number of other classes of claims, specified: "Fourth—All other unadjusted claims of whatsoever nature or character, against the State of Illinois." Laws 1903, p. 140. Under this act, it was held, in Morrissey v. State, 2 Ct. Cl. (Ill.) 254, that the state was not liable for injuries received in the collapse of a bridge maintained by the state in its governmental capacity. In Taylor v. State, 2 Ct. Cl. (Ill.) 243, it was held that the state was not liable for injuries sustained by one struck by stones flying from an overturned car at the bottom of an incline in a quarry operated by the state penitentiary; the loaded car having run back from near the top of the incline when a defective drawbar broke.

We now take up consideration of our constitutional and statutory provisions on the subject. Article 3, § 27, of the Constitution, provides: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." This assumes no obligation or liability on the part of the state, but simply directs the Legislature to designate by what procedure and in what courts suit may be brought in cases wherein the state may assume liability. Under this constitutional authority the Legislature enacted Rev. Code, §§ 2109-2112, inclusive, but these sections only provide that: "It shall be competent for any person deeming himself aggrieved by the refusal of the state auditor to allow any just claim against the state, to commence an action against the state by filing with the clerk of the supreme court a complaint setting forth fully and particularly the nature of the claim"—and then go on to state the mode of procedure in disposing of the action. No liability on the part of the state is here assumed.

In Sigwald v. State, 50 S. D. 37, 208 N. W. 162, it was held that these sections of the Code authorize the maintenance of a suit against the state only in "such actions as might result in a judgment which could lawfully be paid out of the state treasury upon presentation to the state auditor of a certified transcript of the judgment," and do "not authorize the bringing of a suit upon a claim for the payment of which there is no available appropriation."

Respondent quotes from 36 Cyc. 913, 914, as follows: "The consent of the state to be sued is entirely voluntary on its part, and it may therefore prescribe the cases in which and the terms and conditions upon which it may be sued, and how the suit shall be conducted. * * * When, however, a state submits itself without reservation to the jurisdiction of the court, that jurisdiction may be used to give full effect to whatever the state, by its act of submission, has allowed to be done; and in any case it is the duty of the court to look carefully into the terms of the submission, and render judgment accordingly. By consenting to be sued a state simply waives its immunity from suit. It does not thereby concede its liability to plaintiff, or create any cause of action in his favor, or extend its liability to any cause not previously recognized. It merely gives a remedy to enforce a pre-existing liability and submits itself to the jurisdiction of the court, subject to its right to interpose any lawful defense."

Respondent seeks to bring its case within this rule by the terms of the Workmen's Compensation Law and chapter 303, Laws of 1925. The pertinent provisions of the Workmen's Compensation Law are that its provisions shall apply to the state and to the employees thereof; and section 9446 which, as amended, reads as follows:

"*Right of Action When Third Person Is Liable.* Whenever an injury for which compensation is payable under this article shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not collect from both, and if compensation is awarded under this article, the employer having paid the compensation or having become liable therefor may collect in his own name, or that of the injured employee, or his personal representative, if deceased, from the other person against whom legal liability for damage exists the amount of such liability and shall hold for the benefit of the injured employee or his personal representative, if deceased, the amount of damages collected in excess of the amount of compensation paid such employee or his representative, plus the necessary and reasonable expense of collecting the same."

By no provision of the Workmen's Compensation Law, other than section 9446, can it be claimed that the state assumes any liability for anything other than compensation to its own employees, and Koehler was not an employee of the state.

But section 9446 gives the right of action therein referred to against a third person only when that third person is under a legal liability to pay damages. It does not place a liability for damages upon any one who would not have been liable for damages before its enactment, and therefore the state is not a third person against whom legal liability for damage exists, within the meaning of that section. Nothing in this section indicates that the state is assuming any legal liability to pay damages for the wrongful acts of any of its servants. Laws of 1925, c. 303, contains no language expressly purporting to create a liability on the part of the state. The act, indeed, seems to assume that liability already exists against the state, for it provides:

"Section 1. That all actions against the State of South Dakota where the State of South Dakota or some of its employees or servants are guilty of the negligence that cause the injury, as provided in the Workmen's Compensation Law of the State of South Dakota, shall be brought in the Circuit Court in the County wherein the injury occurred."

But we have seen that, prior to the passage of this act, no liability for tort existed against the state. If any liability was created by chapter 303, Laws of 1925, it can only be because the language of the act necessarily implies the creation of such liability, and by virtue of the rule of statutory construction, that that which is implied is as much a part of the statute as that which is expressed. U. S. v. Allen, 179 F. 13, 103 C. C. A. 1; State v. Phelps, 144 Wis. 1, 128 N. W. 1041, 35 L. R. A. (N. S.) 353; U. S. v. Freeman, 3 How. 556, 11 L. Ed. 724.

"The pole star of statutory construction is the legislative intent. If a legislative intent can unmistakably be gathered from title, text, context, and the background of common knowledge, it is as much a part of the act as if it were all written out in the clearest words." Ross v. Schooley, 257 F. 290; 168 C. C. A. 374. See, also, 37 Cyc. 1112.

It is unnecessary in this case to decide whether this act impliedly creates a liability for tort on the part of the state, for the

injury to Koehler was sustained on September 7, 1923, and chapter 303, Laws 1925, did not go into effect until July 1st of that year, and therefore could not have created a liability on the part of the state for the injury sustained by Koehler on September 7, 1923.

In the case of Bakken v. State, 56 N. D. 861, 219 N. W. 834, cited by respondent as sustaining the ruling of the trial court, the injury to plaintiff occurred after the act had gone into effect, which plaintiff claimed gave him a cause of action against the state.

We think the complaint fails to state a cause of action, and the order of the trial court overruling the demurrer is reversed.

SHERWOOD, P. J., and POLLEY, J., concur.

CAMPBELL and BURCH, JJ., concur in the result.