NELSON, Respondent, v. CITY OF SIOUX FALLS, Appellant

(292 N. W. 868.)

(File No. 8354. Opinion filed June 21, 1940.)

Rehearing Denied July 24, 1940.

**Louis H. Smith,** of Sioux Falls, for Appellant.

**Cherry & Braithwaite** and **C. A. Christopherson, Jr.,** all of Sioux Falls, for Respondent.

ROBERTS, J.   Plaintiff instituted this action against the city of Sioux Falls for the recovery of damages alleged to have been sustained as the result of acts of the defendant causing surface waters to flood his premises.   There was verdict and judgment for the plaintiff, and defendant has appealed.

Plaintiff alleges that he is the owner of a residential property having a frontage on the south side of 30th Street in the city of Sioux Falls; that this property is situate about 100 feet east of the intersection of 30th Street and First Avenue; that the defendant caused this intersection to be graded higher than its natural level; that this prevented surface water in front of plaintiff's property from draining across First Avenue which it had done before the intersection was graded and caused water to be impounded in front of his property; that the storm sewer in the area of plaintiff's property was of insufficient capacity to carry off water drained into the sewer at times of heavy rainfall; that the defendant had actual knowledge of these facts; that on June 24, 1939, there was a heavy rainfall in the city of Sioux Falls; that out of the sewer inlets near plaintiff's property there spurted a large volume of water with such force as to damage the foundation of his residence and to fill the basement with water; and that more water was thus collected and precipitated upon his premises than otherwise would naturally have flowed or found its way thereon.

The defendant denied that the city caused the overflow of plaintiff's premises and pleaded in defense that the damage to plaintiff's property was caused by excessive rainfall; that the storm sewer was in fact a benefit to the plaintiff diverting the flow of surface water from his premises.

A reversal is sought on the grounds that (1) the purchase of the property claimed to be injured after the improvements complained of were completed precludes recovery by plaintiff for injury occurring since he acquired title,

(2) since the city is not required in the first instance to construct storm sewers, it is not required to guard against damages caused by unusual rainfall, and (3) the evidence is insufficient to sustain the verdict.

Municipal corporations are authorized under SDC 45.0201 (section 6169, Rev. Code 1919) to construct storm sewers, but the exercise of this power is discretionary and not mandatory. No liability results from the mere neglect to exercise discretionary authority. Deschner v. City of Ipswich, 59 S. D. 456, 240 N. W. 487, 488. In that case it was held: "The city is obligated to furnish no storm sewer, and, if the respondents are in no worse condition than they would have been if the storm sewer, together with the additions had never been made, they are in no position to complain." It is not the inadequacy of the storm sewer to carry off surface water that would naturally flow toward plaintiff's premises that is complained of in the instant case. The complaint is that defendant collected and cast a large volume of water upon plaintiff's premises which would not otherwise have flowed or found its way thereon.

In 4 Dillon on Municipal Corporations, 5th Ed., § 1740, that learned author says: "Courts of the highest respectability have held that if the sewer, whatever its plan, is so constructed by the municipal authorities as to cause a positive and direct invasion of the plaintiff's private property, as by collecting and throwing upon it, to his damage, water or sewage which would not otherwise have flowed or found its way there, the corporation is liable. This exception to the general doctrine, when properly limited and applied, seems to be founded on sound principles, and will have a salutary effect in inducing care on the part of the municipality to prevent such injuries to private property, and will operate justly in giving redress to the sufferer if such injuries are inflicted."

The same view of the law is expressed in 9 R. C. L. 665, 43 C. J. 1145, and 4 McQuillin, Municipal Corporations, 2d Ed., § 1559. Among decisions sustaining the rule we note the following: Ashley v. Port Huron, 35 Mich. 296, 24 Am.

Rep. 552; Tate v. City of St. Paul, 56 Minn. 527, 58 N. W. 158, 45 Am. St. Rep. 501; Siefert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321, 54 Am. Rep. 664; King v. Kansas City, 58 Kan. 334, 49 P. 88.

In Ashley v. Port Huron, supra, Chief Justice Cooley, discussing the liability of a municipal corporation for the collection and precipitation of water upon private property, said: "The right of an individual to the occupation and enjoyment of his premises is exclusive, and the public authorities have no more liberty to trespass upon it than has a private individual. If the corporation send people with picks and spades to cut a street through it without first acquiring the right of way, it is liable for a tort; but it is no more liable under such circumstances than it is when it pours upon his land a flood of water by a public sewer so constructed that the flooding must be a necessary result. The one is no more unjustifiable, and no more an actionable wrong, than the other. Each is a trespass, and in each instance the city exceeds its lawful jurisdiction. A municipal charter never gives and never could give authority to appropriate the freehold of a citizen without compensation, whether it be done through an actual taking of it for streets or buildings, or by flooding it so as to interfere with the owner's possession. His property right is appropriated in the one case as much as in the other."

■■ A municipal corporation cannot, without rendering itself liable for the resulting damage, exercise its right to grade or otherwise improve streets so as to collect surface water upon private property. Habicht v. City of Wessington Springs, 46 S. D. 176, 191 N. W. 455; Olson v. City of Watertown, 46 S. D. 582, 195 N. W. 446; Reinartz v. Town of Ethan, 50 S. D. 42, 208 N. W. 174. We think that the responsibility under such circumstances is no different than it is when a city by the construction of a sewer causes to be precipitated upon private property a large quantity of surface water that would not have flowed there in its natural course.

■ Defendant contends that it is not liable for the reason that plaintiff purchased the property after the street and

sewer improvements were completed. The court instructed the jury that defendant was not liable for any injury to plaintiff's premises caused by the grading of the intersection. No question is then presented as to the liability of the city for damages resulting from the street improvement. Whatever merit there may be in the contention that plaintiff assumed the risk of any injury caused by the precipitation of surface water upon his premises through the sewer inlets, it is not available in this court as it does not appear that any such question was raised and preserved in the lower court.

■ The second contention of the defendant is based upon the refusal of the following instructions requested by counsel for the city:

"You are instructed that the City of Sioux Falls is not required to build a storm sewer which will carry off all quantities of rainfall, and in this case if you find that the rainfall was in an unusual amount then the city is not liable and your verdict must be for the defendant."

"You are instructed that if the water backed on to plaintiff's property and that such backing was caused by the unusual rainfall then the defendant is not liable in this action."

The question submitted by the court was whether damage was proximately caused by flood waters such as would not have been caused but for a diversion of waters by the sewer. The court recognized the distinction between injuries incidental to the failure to provide storm sewers' of sufficient capacity to carry off water which naturally accumulate on property and injuries resulting from causes amounting to invasion of private property. The liability of the city was not dependent upon the fact whether or not the rainfall was unusual. Stewart v. Rapid City, 48 S. D. 554, 205 N. W. 654; see also Haley & Lang Co. v. Huron, 36 S. D. 6, 153 N. W. 891. We think that the court in its instruction correctly stated the applicable law and did not err in refusing the requested instructions.

■■ We think that the jury was justified in concluding from the evidence that the water reaching plaintiff's

premises through the sewer inlets caused the injury to the premises and that without such water there would have been no injury. True, rather persuasive testimony to the contrary was adduced by defendant city. The familiar rule of appellate practice that a verdict will not be disturbed on appeal because of the insufficiency of the evidence to support the same, if there is any substantial, credible evidence in support thereof, requires no citation of authority. The issue of fact was settled by the jury in favor of the plaintiff, and there was no want of testimony to support the verdict.

The judgment and order appealed from are affirmed.

All the Judges concur.