## WEISNER ET AL. *v.* BOARD OF EDUCATION OF MONTGOMERY COUNTY

[No. 148, September Term, 1964.]

*Decided February 3, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-MOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Melvin M. Feldman* for the appellants.

*Charles W. Prettyman* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant, Lois Weisner, was escorting her young daughter to school one morning when she slipped on an icy sidewalk which ran along the side of the school and fell, suffering a broken hip. She and her husband sued the Board of Education of Montgomery County for failing to meet its alleged duty to keep the sidewalk "free of ice and hazardous conditions." The declaration was demurred to on the ground, among others, that the Board of Education was immune from liability in tort. Judge Shook sustained the demurrer of the Board without leave to amend, saying: "See *Weddle v. Board of School Commissioners,* 94 Md. 334."

In *Weddle* a pupil was fatally injured as a result of a fall caused by a wire stretched from tree to tree about four feet above the grounds of the school which she attended. The declaration of her father in a suit against the School Commissioners of Frederick County was demurred to and the demurrer sustained. In affirming this action of the lower court, the Court of Appeals pointed out that the declaration alleged that the School Commissioners had general control and supervision of the public schools of Frederick County and that it was their duty to keep the school property involved in safe condition and that it had breached this duty, and said (pp. 343-344 of 94 Md.):

> "We think, then, it is clear that a body corporate of the character of the defendant in this case, cannot be made liable in an action of tort, in the absence of statutory authority. We must then look to the statutes to ascertain if the Legislature has expressly or by implication conferred any such right as is sought to be exercised in this case. In other words, whether there is any statute authorizing a suit of this character to be maintained against the defendant.
>
> * * *
>
> "Now it is obvious, we think, that the Legislature intended by the use of the language 'shall be capable

to sue and be sued' to restrict the liability of the Boards of County School Commissioners to such suits, in respect to matters within the scope of their duties and to such things as the boards are empowered to do. We find nothing in the statutes that would justify a different conclusion, or would sustain the contention of the appellant in this case.

"There is no power given the Boards of School Commissioners to raise money for the purpose of paying damages, nor are they supplied with means to pay a judgment against them. All of their funds are appropriated by law to specific purposes and they cannot be diverted by them. The Constitution of the State, sec. 3, Art. 8 provides that the school fund of the State shall be kept inviolate and appropriated only to the purposes of education. In *Perry v. House of Refuge,* 63 Md. 27, this Court distinctly held, in adopting the English decisions on the subject, that damages could not be recovered from a fund held in trust for charitable purposes. In the language of Lord Campbell, the wrong-doer must pay from his own pocket."

The appellants, recognizing that they cannot prevail if the law of *Weddle* is still the law of Maryland, urge first, that the range of the thrust of *Weddle* is not what it was in 1902 when that case was decided because "* * * much has happened in the affairs of man and his education, as well as the law, since 1902," as this Court recognized in *Clauss v. Board of Education,* 181 Md. 513, and second, that if the law is still what *Weddle* held it to be in 1902 it should be changed by judicial decision to strip school authorities of immunity for torts.

The *Clauss* case held that a county board of education, in repairing school buildings, was an agent of the county and hence liable under the Workmen's Compensation Act by virtue of the specific terms of the statute for injuries sustained by the Board's employees while engaged in extra-hazardous work, and that use of public school funds to pay compensation or insurance premiums was for purposes of education and therefore did not violate the terms of Sec. 3 of Art. VIII of the Constitution of

Maryland, which provides that "The School Fund of the State shall be kept inviolate and appropriated only to the purposes of Education." In distinguishing the *Weddle* case, the Court said (p. 524 of 181 Md.) :

> "Section 56 of Article 77, which provides for the preparation and presentation of an itemized and detailed school budget by the County Board of Education to the County Commissioners, states that such budgets shall contain among other things: 'The amount of money needed for permanent improvements and repairs, and for current repairs, furniture for old buildings, maintenance and support of the schools during the succeeding school year.' This includes the cost of labor to keep the buildings, including the heating systems in repair, the wages of such laborers and taking care of their compensation when injured. While the Legislature has not provided any funds for paying damages recovered in negligence actions by pupils, it has provided by necessary implication, contained in Section 46 of Article 101, funds to take care of compensation of employees who come within the provisions of the Workmen's Compensation Act."

The Legislature has not yet provided funds generally for payment of claims or judgments grounded on the negligence of local school authorities and the law of *Weddle* is still the law of Maryland. *State v. Rich,* 126 Md. 643; *Fisher & Carozza Co. v. Mackall,* 138 Md. 586; *University of Md. v. Maas,* 173 Md. 554; *Lohr v. River Commission,* 180 Md. 584; *Jones v. Scofield Bros.* (D. Md., Chesnut, J.), 73 F. Supp. 395; *Weyerhaeuser Co. v. State Roads Com'n of Maryland* (D. Md., Thomsen, J.), 187 F. Supp. 766, 769; *cf. Chackness v. Board of Education,* 209 Md. 88; 28 Op. A. G. 92; 33 Op. A. G. 142.

In 1959 in *Molitor v. Kaneland Community Unit District No. 302,* 18 Ill. 2d 11, 163 N. E. 2d 89, the Supreme Court of Illinois judicially abrogated the immunity of the public school system from liability for damages for negligence. The Court reasoned that the basic concept of tort law is that liability fol-

lows negligence, that individuals and corporations are responsible for the negligence of their employees acting for them and that the doctrine of governmental immunity and the rules of "the King can do no wrong" and of the "no fund" or "trust fund" theory are wanting in logic and reason and run directly contrary to the basic concepts of tort liability. We are asked and urged to follow the reasoning and result of the *Molitor* case.

In our view the rule of the *Weddle* case is too firmly established and has been too long unchanged by the Legislature in the face of repeated reminders of its role in the matter in opinions of the Courts and the Attorney General to be changed judicially, assuming that it should be changed at all. If there is to be a change, we think the Legislature should make it.

*Order affirmed, with costs.*