LeRoy FETZER, Plaintiff and Appellant,

v.

MINOT PARK DISTRICT, a Public Corporation, Defendant and Respondent.

No. 8263.

Supreme Court of North Dakota.

Nov. 29, 1965.

Waldron & Kenner, Minot, for plaintiff and appellant.

Palda, Palda, Peterson & Anderson, Minot, for defendant and respondent.

STRUTZ, Judge.

This is an appeal by the plaintiff from an order of the trial court granting summary judgment of dismissal of the plaintiff's complaint against the defendant Minot Park District alleging negligence of the defendant, its servants and agents, in the

operation of a swimming pool. As a result of the alleged negligence, two minor daughters of the plaintiff were drowned and plaintiff brings this action for damages. The trial court dismissed the complaint on the ground that the defendant, a municipal corporation, is not liable in the performance of a governmental function and is entitled to governmental immunity.

■ While the plaintiff did contend that the defendant, in maintaining a swimming pool, was not engaged in a governmental function, he did not stress this argument. In this State a park district, in the performance of its duties, which would include such duties as maintaining a swimming pool, is engaged in the performance of a public duty, and the performance of such duty is a governmental function. Holgerson v. City of Devils Lake, 63 N.D. 155, 246 N.W. 641.

The plaintiff does argue strenuously, however, that the doctrine of governmental immunity is archaic and should no longer be followed; that the doctrine is being overruled as a defense to tort claims against municipal corporations by courts of many of the jurisdictions, and cites a number of decisions to this effect.

We agree that many jurisdictions have abolished the defense of governmental immunity. Some of the jurisdictions which have done so are Minnestoa, in Spanel v. Mounds View School District No. 621, 264 Minn. 279, 118 N.W.2d 795; Arizona, in Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107; Michigan, in Williams v. City of Detroit, 364 Mich. 231, 111 N.W.2d 1; Wisconsin, in Holytz v. City of Milwaukee, 17 Wis.2d 26, 115 N.W.2d 618; and South Dakota, in Bucholz v. City of Sioux Falls, 77 S.D. 322, 91 N.W.2d 606.

The reasons given by the courts of these jurisdictions differ from State to State, but most of them point out that the doctrine of governmental immunity was first invoked, and immunity conferred, by judicial decision. As was said by the Wisconsin Supreme Court in Holytz, supra, 115 N.W.2d at page 623:

"* * * the governmental immunity doctrine has judicial origins. * * * we are now of the opinion that it is appropriate for this court to abolish this immunity notwithstanding the legislature's failure to adopt corrective enactments."

In the State of North Dakota, the rule of governmental immunity has long been established. We have held that a park district is not liable for the manner in which it exercises governmental authority. Holgerson v. City of Devils Lake, supra. This immunity, however, has been based on more than mere judicial decision. Our Constitution provides that "[s]uits may be brought against the state in such manner, in such courts, and in such cases, as the legislative assembly may, by law, direct." Sec. 22, N. D. Constitution.

■ Municipal corporations are creatures and agencies of the State. They have no powers except those given to them by the Legislature, and moneys raised by taxation, loan, or assessment for any purpose shall not be used for any other purpose "except by authority of law." Sec. 130 N. D. Constitution.

■ A county has been held to be an agency of the State, and its liability to suit is based on constitutional or statutory consent to be sued. Mayer v. Studer & Manion Co., 66 N.D. 190, 262 N.W. 925. Any other municipal corporation, including a city, would have the same status as a county, and its liability to suit would have to be based on constitutional or statutory consent to be sued.

■ The Legislative Assembly has provided for suits to be brought against municipal corporations for injuries arising because of defective streets, sidewalks, and

bridges. Sec. 40–42–01, N.D.C.C. It has provided for the filing of claims against municipal corporations for such injuries, and has fixed a time limitation on the bringing of actions based on such claims. Secs. 40–42–02 and 40–42–03, N.D.C.C. Having specifically provided for the bringing of some actions against a municipality where it is acting in a governmental capacity, it must be assumed that no other actions were to be permitted.

■ But the strongest argument for governmental immunity is that the Legislature of this State, as recently as the 1965 Session, has recognized the doctrine. Chapter 266 of the 1965 Session Laws, which amends and reenacts Section 40–43–07 of the North Dakota Century Code, provides for motor vehicle liability insurance for the State and its municipal subdivisions. After providing for such insurance, the Legislative Assembly further provided:

"This section shall not deprive any political subdivision of the state of its right to claim governmental immunity or immunity of any employee but such immunity shall not be available to the insurance carrier furnishing such insurance * * *."

■■ The courts cannot legislate, regardless of how much we might desire to do so. Therefore, regardless of how worthy a claim against a municipal corporation might be, we cannot assume the functions of the Legislative Assembly. Our power is limited to passing on laws enacted by the Legislature, and, if the Legislature fails to act, we cannot change the law by judicial decision. The question here presented is one that should be addressed to the Legislative Assembly, and not to the courts. As was said by the Honorable A. M. Christianson, in his concurring opinion to Anderson v. Board of Education of City of Fargo, 49 N.D. 181, 190 N.W. 807:

"If the rule is wrong, the Legislature has ample power to change it. It is

the duty of the courts to enforce the law as it exists."

For reasons stated herein, the order of the district court must be affirmed.

BURKE, C. J., and TEIGEN, ERICKSTAD, and KNUDSON, JJ., concur.