CONWAY, Appellant v. HUMBERT et al., Respondents

(145 N.W.2d 524)

(File No. 10286.  Opinion filed October 21, 1966)

Boyce, Murphy & McDowell, Marvin D. Keller, Christopherson, Bailin, Wilds & Bailey, Sioux Falls, for appellant.

John E. Burke, Richard Hopewell, Sioux Falls, for respondent, City of Sioux Falls.

ROBERTS, Judge.

Plaintiff brought this action as special administrator seeking recovery of damages on behalf of the estate of his deceased sister, Betty J. Conway. Decedent met her death in an apartment building fire in which she was a tenant. Plaintiff alleged that firemen employed by defendant City of Sioux Falls failed to search the building at the time of the fire for occupants and did not locate decedent and effect her rescue and were also negligent in their methods of resuscitation.

The trial court sustained the motion of the city to dismiss the complaint on the ground that the immunity of a municipal corporation from liability for the negligence of its employees when engaged in a governmental function extends to the protection of persons and property from fire with the result that torts committed by firemen in the performance of their duties do not render the municipal corporation liable. The plaintiff appeals.

Plaintiff challenges the ruling of the trial court. For the purposes of this appeal, the negligence of the firemen may be conceded. The sole question is whether the negligent acts of these employees of the city gave rise to a cause of action against the city. Adherence to prior decisions would result in affirmance. The further question is then presented whether we should recede from the rule of governmental immunity for tort.

■■ A municipal corporation has a dual character and performs dual functions. In the one, it is vested with powers of a governmental character for the administration of the general laws of the state. In the other, it acts in a corporate, private or proprietary capacity. We have held that when acting within its governmental powers a municipality is not liable for tort because in so doing it is merely the agent of the state and partakes of the latter's sovereignty in respect to immunity from tort liability. But it is liable for negligence of its officers and employees when performing duties consequent upon the exercise of its corporate or private powers. Jensen v. Juul, 66 S.D. 1, 278 N.W. 6, 115 A.L.R. 1280 and cases cited; Bucholz v. City of Sioux Falls, 77 S.D. 322, 91 N.W.2d 606.

■ ■ The basic principle underlying the rule of governmental immunity is sovereignty. This court in State v. Board of Commissioners, 53 S.D. 609, 222 N.W. 583, held that the state is sovereign at all times. Judge Campbell speaking for this court said: "The purpose and the sole purpose of government in this state, in its actual operation, is to carry out the powers and perform the functions intrusted to it by the people of this state, and there is not, legally speaking, any distinction in the capacity in which the government of the state acts, or in the essential nature of its operation as a matter of law, in the performance of any one function intrusted to it by the people as compared with the performance of other functions so intrusted." We recognize that in a few jurisdictions the nonsovereign concept has been extended to the state. See annotation in 40 A.L.R.2d 927. We adhere to the view that as a matter of law there can be no distinction between what may be termed a "sovereign" and a "nonsovereign" capacity of the state.

In Wisconsin Granite Co. v. State, 54 S.D. 482, 223 N.W. 600, this court said: "The rule is well established that a state is not liable for the negligence or misfeasance of its officers or agents except when such liability is voluntarily assumed by its legislature. The doctrine of respondeat superior does not prevail against the sovereign, in the necessary employment of public agents." The decision was based upon the absence of obligation and not upon the ground that no remedy had been provided.

■ ■ The established principle of jurisprudence that the sovereign cannot be sued in its own courts is given recognition in Section 27, Article III, State Constitution: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." These provisions do not except tort or other claims against the state. A distinction unquestionably exists between sovereign immunity from suit and sovereign immunity from liability. 49 Am. Jur., States, § 98. A consent statute would not create a cause of action in favor of a claimant. Nonetheless, in the absence of legislative enactment the state is immune from suit and liability for tort committed by an officer or employee in the performance of his duties.

■ In O'Rourke v. City of Sioux Falls, 4 S.D. 47, 54 N.W. 1044, 19 L.R.A. 789, decided in 1893, it was declared that in the performance of a governmental function a municipal corporation acts as agent of the state and partakes of its sovereignty with respect to immunity. There are delegated to or imposed upon municipalities powers that are discretionary, quasi-legislative or quasi-judicial in character. A municipality is exempt for failure to exercise them or for their exercise in a negligent or improper manner. Hermandson v. City of Canton, 60 S.D. 367, 244 N.W. 525; Nelson v. City of Sioux Falls, 67 S.D. 320, 292 N.W. 868. Some jurisdictions receding from the rule of governmental immunity except the exercise of discretionary powers, legislative or judicial, or quasi-legislative or quasi-judicial functions. Holytz v. City of Milwaukee, 17 Wis.2d 26, 115 N.W.2d 618; Hargrove v. Town of Cocoa Beach, Fla., 96 So.2d 130, 60 A.L.R.2d 1193; Spanel v. Mounds View School District, 264 Minn. 279, 118 N.W.2d 795; see also Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

■■ While the distinction as we have indicated between municipal functions of a governmental character and those of a private, proprietary or ministerial nature is generally recognized, there is no established rule for determination of classification as applied to particular facts. We have said that the nature of the duty performed rather than the character or title of the agent executing the act determines liability. Bucholz v. City of Sioux Falls, supra. The power to organize a fire department for prevention of injury and damage by fire is clearly governmental and, in the absence of statutory provision to the contrary, a municipality will not ordinarily be liable for the negligent acts of firemen in the performance of their duties. 63 C.J.S. Municipal Corporations § 776; see also annotation in 84 A.L.R. 514 supplementing 9 A.L.R. 143 and 33 A.L.R. 688. Plaintiff evidently bases his case upon Walters v. City of Carthage, 36 S.D. 11, 153 N.W. 881 and Bucholz v. City of Sioux Falls, supra. These holdings are distinguishable and do not aid appellant on the issue as to the submissibility of the case before us. The Carthage case held the defendant city liable for an injury to a child in consequence of being struck, while on a sidewalk, by a door of a fire station falling across the sidewalk. An examination of the opinion

shows that there was no consideration whatever of the question whether or not the operation of a municipal fire department is an exercise of a governmental function. The court sought to apply the rule that while a municipality is not liable for discretionary acts in planning an improvement within the scope of its authority, it acts ministerially in carrying out the plan and is bound to see that the work is done in a safe manner. The other case involved the use of a rifle range in the basement of a city hall as a recreational area. It is the nature of the activity as stated that determines municipal liability and not the location of a facility nor the fact that it may also be used for governmental purposes. This court held that there was no essential distinction in the matter of liability for negligence in the furnishing of facilities for recreation in a municipal building and the liability of a municipality for injuries occasioned by negligent operation of parks or other public grounds.

■ Appellant urges that the doctrine of governmental immunity is basically unsound and since the doctrine is of judicial origin an overruling decision should be rendered. The instant case involves the liability of a municipal corporation. Complete abrogation of the common law rule of governmental immunity would apply to all governmental entities including counties, townships, school districts and the like.

■ The legislature within constitutional limitations unquestionably has control over the liability to which the state and its governmental subdivisions and agencies may be subjected for tort. The legislature recognizing the nonliability of counties and townships for tort in the absence of legislation subjected them together with municipalities to liability for injuries sustained because of defective highways. SDC 1960 Supp. 28.0913; Robinson v. Minnehaha County, 65 S.D. 628, 277 N.W. 324; Williams v. Wessington Township, 70 S.D. 75, 14 N.W.2d 493. A municipality and its governing board are specifically exempted from tort liability where the activity engaged in is the improvement, maintenance or operation of a park which is under the supervision of a park board. SDC 45.2539; see Glirbas v. City of Sioux Falls, 64 S.D. 45, 264 N.W. 196. There is statutory provision permitting counties and cities operating hospitals to con-

tract for liability insurance protecting hospital employees against liability for negligence or malpractice. Ch. 199, Laws of 1955. A subsequent statute, Ch. 276, Laws 1959, authorizes a municipality to obtain insurance coverage "against such acts or omissions for which the municipality may be legally liable." The legislature, aware of the rule of immunity, limited the extent of coverage. See Jerauld County v. St. Paul Mercury Indemnity Co., 76 S.D. 1, 71 N.W.2d 571.

The legislature has provided a procedure for the investigation of claims arising on contract or tort against the state and for the payment of which there are no available appropriations. SDC 1960 Supp. 33.43. The commissioner of claims is empowered to hear and consider evidence and make findings and recommendations to the legislature. This act specifically provides that the "findings of the commissioner shall be advisory only, and shall not be construed or considered as an acknowledgment of liability in any manner or extent on the part of the state." This statute creates a legislative instrumentality or agency authorized to find or determine facts. The powers and functions of the commissioner are not judicial. Sovereign immunity of the state is not waived and liabilities of the state are not enlarged. The derivative immunity of municipal corporations is not affected.

The reason that impelled this court in 1943 to uphold governmental immunity was that if there is to be a departure from the rule the policy should be declared and the extent of liability fixed by the legislature. Arms v. Minnehaha County, 69 S.D. 164, 7 N.W.2d 722. In a recent case, Jerauld County v. St. Paul Mercury Indemnity Co., supra, we recognized that the doctrine had been subjected to much criticism, but adhered to the firmly established rule believing that the problem of change is legislative. The annotation in 86 A.L.R.2d 489 states that in most jurisdictions such is the holding. We quote: "Undoubtedly, there is more criticism now of the doctrine of governmental immunity and its various underlying reasons, but in most instances the courts have felt that any relief should come from the legislature, particularly in view of the fact that the immunity doctrine in most jurisdictions has been adhered to for a great many years."

The Minnesota court in a dictum overruling sovereign immunity conceded that "the flexibility of the legislative process—which is denied the judiciary—makes the latter avenue of approach more desirable." Spanel v. Mounds View School District, supra. The West Virginia court in refusing to change the law of governmental immunity said: "If such a fundamental change of our present system is thought to be desirable, it should be brought about through legislative action, and after the general public, through its representatives in the Legislature, has had an opportunity to consider the wisdom thereof, and its effect upon the agencies involved." Hayes v. Town of Cedar Grove, 126 W.Va. 828, 30 S.E.2d 726, 156 A.L.R. 702. Justice Davis dissenting in Molitor v. Kaneland Community Unit District, 18 Ill.2d 11, 163 N.E.2d 89, 86 A.L.R.2d 469, focused attention on the policy making power of the legislature and the adequacy of the legislative process to inquire into the many aspects of imposing tort liability upon the state and its agencies.

As we have indicated, the legislature exercising discretionary authority vested in it by the constitution has not waived the state's immunity from suit. The immunity of the state for tort is a related problem and it is significant that the legislature in the claims statute to which we have referred made clear that it intended no waiver of immunity. If governmental immunity, as contended by some authorities, was founded upon an erroneous basis (e. g. the sovereign, like the king of old, can do no wrong and there being no wrong there is nothing to be redressed), it is not now of controlling consideration. The doctrine has become firmly imbedded in the common law of this state and in reliance thereon the legislature has enacted and amended statutes.

The people express their sovereign will in the formulation of public policy and law through the medium of the legislature and that branch of government in this field should be permitted to function freely without judicial interference. State v. Board of Commissioners, supra. Legal commentators in advocating increased judicial participation in law reforms too often minimize this definite and salutary concept in our scheme of government.

We have a clear indication of legislative adoption of governmental immunity as to the state and recognition of a derivative immunity of governmental subdivisions and agencies. Judicial abrogation in itself would make for uncertainties and would not as often asserted diminish inequalities. It would in fact create inequalities. State institutions of higher learning and public school districts of the state exist for like governmental purposes. Plumbing Supply Co. v. Board of Education, 32 S.D. 270, 142 N.W. 1131. Judicial abrogation, for example, would create a situation wherein a person injured because of a tort committed in the performance of a governmental function at a state institution of higher learning could not recover, but one injured under similar circumstances by a tort committed in connection with a public school district could recover.

We have not undertaken to cite or discuss any considerable number of the cases we have examined. We cite the following recent decisions declining to abrogate or modify the rule of immunity: Nelson v. Maine Turnpike Authority, 157 Me. 174, 170 A.2d 687; Fetzer v. Minot Park District, N. D., 138 N.W.2d 601; Boyer v. Iowa High School Athletic Association, 256 Iowa 337, 127 N.W.2d 606; Weisner v. Board of Education of Montgomery County, 237 Md. 391, 206 A.2d 560; Clark v. Ruidoso-Hondo Valley Hospital, 72 N.M. 9, 380 P.2d 168; Chicago, R. I. & P. R. Co. v. Board of County Com'rs, Okla., 389 P.2d 476; Cunningham v. County Court of Wood County, 148 W.Va. 303, 134 S.E.2d 725; Hurst v. Highway Department, 16 Utah 2d 153, 397 P.2d 71; Gossler v. City of Manchester, N.H., 221 A.2d 242.

For reasons stated, we adhere to the opinion that if there is to be a departure from the rule of governmental immunity it should result from legislative action. The order of the circuit court is affirmed.

RENTTO, P. J., and BIEGELMEIER, J., concur.

HANSON and HOMEYER, JJ., concur specially.

HANSON, Judge (specially concurring).

I concur in the opinion insofar as it relates to and determines the question of municipal liability for tort committed by firemen under the circumstances of this case. The retention or abrogation of governmental immunity is not otherwise involved.

HOMEYER, Judge (specially concurring).

I concur with the majority for the reason that a sudden and complete abrogation of the doctrine of governmental immunity from tort liability which has become embedded in the law of this state might be accompanied by dire results. Many subdivisions of government already are strained by high costs of operation and are levying almost maximum taxes and abrogation at this time could cause extreme hardship. I also agree that the legislature because of its flexibility is better equipped to cope with the problem. However, I do feel that the judicial branch of government has a responsibility in this area and should remain cognizant of it.

The doctrine of governmental immunity from tort liability was judge made. If abrogated in the same manner, as some courts have done, it can again be reinstated or limited by the legislature. There is little doubt that the courts have created an area of nonliability for torts with slight reason to allow it to subsist under modern socio-economic conditions. Courts should not irrevocably place corrective responsibility upon the legislature for a situation they have created.

The decisions of this court in attempting to distinguish between proprietary and governmental functions and predicating liability and nonliability thereon are not clear and the thread of distinction in many instances is without logic and confusing. Decisions were reached at times by a divided court. I fear the court will continue to be troubled in applying this test.

So far as I have been able to determine neither the legislature nor its research committee has given the matter the serious consideration it merits or attempted a solution. The federal government and many states have; some with judicial prodding and others without it. I would defer to the legislature further opportunity to act. If they fail to act I feel the whole problem should be reconsidered by this court.